Dygert
ads.
Crane.

---

Dygert, sheriff of Herkimer, *ads.* Crane.

Assumpsit will lie against a sheriff, for money collected by him on an execution, without a previous demand.

Demurrer to replication. This suit was commenced in October term, 1826. The declaration set forth the recovery

The ruling of a sheriff to return an execution, after the commencement of a suit against him for the money received by him, is not an abandonment of the action ; nor will the return of the execution, and the payment of the money into court, after such proceeding, discharge the sheriff's liability. The proceeding being allowed in aid of the action, the money is considered as voluntarily paid in, and the defendant cannot avail himself of such payment, but by compliance with the established practice in cases of payment of money into court. An allegation that a sheriff has *levied* the amount directed to be collected on an execution out of goods and chattels seized and taken by him, is synonymous to an allegation that the amount has been *made* or produced. An averment in a plea of acceptance by the plaintiff, of money paid into court by a sheriff, on the return of an execution, is material and traversable.

ALBANY,
Oct. 1828.

Dygert
*ads.*
Crane.

ry of a judgment by the plaintiff in this court, against D. Sprague and J. C. Dann, for $242,86 ; that a *testatum fieri facias* was issued on the same, and delivered to the defendant as sheriff of Herkimer, on 29th May, 1826, returnable at the succeeding August term ; that by an endorsement on the writ, the sheriff was directed to levy $242,86, and his fees ; that by virtue of the execution, the defendant, as such sheriff, seized and took in execution divers goods and chattels of Sprague and Dann, of the value of the monies directed to be levied, and then and there levied the same thereout ; alleging a promise to pay, and breach. There were also the money counts.

The defendants pleaded the general issue, and specially that the plaintiff ought not *further* to have or maintain his action as to the first count in the declaration ; because, on the 9th February, 1827, the plaintiff entered a rule in one of the common rule books, requiring the defendant to return the execution mentioned in the declaration, and his proceedings thereon, or that an attachment issue ; that on the 10th February, the plaintiff served notice of the same on defendant ; that on the 2d March, 1827, in obedience to the rule, the defendant returned the execution, certifying that by virtue thereof, he had made $242,86, and $4,23, the interest thereof, which he then and there had ready, and brought into court, to render unto the plaintiff ; and averred that, together with the said writ and return, he brought the said money into court, and then and there, at the office of T. H. Hubbard, Esq., clerk of this court at Utica, by delivering the said money to the said T. H. Hubbard, did pay, content, and render the said money to the plaintiff, who then and there in court accepted and received the same ; concluding with a verification and prayer of judgment, if the said plaintiff further, &c. Replication, *precludi non ;* because the plaintiff did not accept and receive the said monies *in modo et forma,* &c. ; concluding to the country. · Demurrer and joinder. The cause was submitted on written arguments.

*D. Burwell,* for defendant. The first count in the declaration is bad, in not stating a sufficient consideration to support

an assumpsit. It barely states, that the sheriff had *levied* the money, without averring that the execution had been return-ed satisfied, and that the money was withheld, or that it had been misapplied, (3 *Johns. R.* 182,) or that it had been refus-ed to be paid over on special demand. (6 *Cowen,* 466.) The plaintiff was bound to prove that the money had been de-manded of the sheriff before suit brought ; (3 *Starkie on Ev.* 1350, *n.* 1 ; 1 *Root,* 333 ; 1 *Marsh.* 364 ;) and if so, it was ne-cessary to aver the fact. (1 *Chitty,* 185.) An action does not lie against a sheriff who has not been ruled, for not having the money in court, according to the exigency of the writ. (2 *Inst.* 452. 1 *Starkie's Cas.* 380.)

The replication is bad. The averment in the plea, that the plaintiff accepted the money, was immaterial. (7 *T. R.* 399. 5 *T. R.* 268.) The plaintiff had compelled the defendant to bring the money into court ; a return of the execution, with-out the payment of the money into court, would not have sav-ed the defendant from an attachment ; (18 *Johns. R,* 133 ;) and having taken this course, the plaintiff was bound to ac-cept the money, and was barred from the further prosecution of his suit. The plaintiff's acceptance was a matter of indif-ference ; the important fact alleged was, that the money had been paid into court, on which the plaintiff ought to have taken issue. (7 *Johns. R.* 399. 3 *Johns. R.* 229. 5 *Johns. R.* 268.) The words, " who then and there accepted," &c. were but the conclusion of a fact, the same as *ita quod,* and therefore not traversable. (1 *Saund.* 23, *n.* 5 ; 229, *n.* 3. *Com. Dig. Pleader,* G. 12.) It was a matter of law, whether or not the plaintiff accepted the money, and as such not traversable. (*Plowden,* 231, *a.* 2 *H. Black.* 182.)

In the case of *Denniston* v. *Livingston,* (9 *Johns. R.* 96,) it was averred that the money demanded had been collected and received by the defendant. There is no such allegation here. *Buck* v. *Campbell,* (15 *Johns. Rep.* 456,) proves noth-ing against the defendant ; there the action was *case,* which is allowed by statute, (1 *R. L.* 423, *sect.* 10 ;) here, it is as-sumpsit.

ALBANY,
Oct. 1828.

Dygert
*ads.*
Crane.

*Bloodgood* and *Cooper* for plaintiff. The plea of the defendant is analogous to a plea of accord and satisfaction, and the plaintiff might elect to deny either the payment of the money into court, or the acceptance thereof by him. (1 *Chitty*, 589 *to* 592. 1 *Saund.* 103.) The acceptance was the most material fact alleged in the plea, and therefore might be traversed. (*Strange*, 573.) It is the duty of a sheriff, on collecting money by virtue of an execution, to pay it over to the plaintiff, his attorney or agent; or in extraordinary cases, where there are conflicting claims, into court, to abide the order of the court. Payment to the clerk of the court, is not payment to the plaintiff, unless it is allowed by express rule. The return of an execution is sufficient to charge a sheriff, unless he has paid over the money to the plaintiff. (1 *Maule & Sel.* 599.)

The sheriff's liability to the action was not discharged by the rule to return the execution. The rule was *after* the action commenced, and its object was to obtain the highest and best evidence to charge the sheriff in an action against him. The proceeding against the sheriff by rule, was a proceeding in *personam*, and not in *rem.* (15 *Johns. R.* 456.) He could not, by paying the money into court, avoid the payment of the costs of the action.

*By the Court,* SUTHERLAND, J. If the payment of the money received by the sheriff on the execution into the clerk's office, under the circumstances stated in his second plea, without its acceptance by the plaintiff, is a good defence to the action, then the averment in that plea, that the plaintiff accepted and received the money, was an immaterial averment, and the plaintiff's replication, taking issue upon it, is bad.

This suit was commenced in October, 1826, and the plea states, that after the commencement of the suit, to wit, on the 9th of February, 1827, the plaintiff caused a rule to be entered in the cause, in which the execution mentioned in the declaration was issued, requiring the defendant to return said *fi. fa.* within twenty days, or that an attachment would issue against him; that notice of said rule was duly served on the defendant on the 10th of February; and that he, the said de-

fendant, did, within twenty days, to wit, on the 2d day of March, 1827, make return of said *fi. fa.* and of his proceedings thereon, to wit, that he had made, &c. the sum of $242 08, and also $4,86, the interest, &c., which he then and there brought into court, and had ready for said plaintiff; and he avers that he did then and there, together with said writ, &c. bring into said court, the said money before the said justices thereof, and did then and there in the said court, at the office of the said supreme court, kept by Thomas H. Hubbard, at Utica, by delivering said money to said clerk, pay and render said money to the said plaintiff, who then and there in court accepted and received the same. The plaintiff replied that he did not then and there accept the money aforesaid.

The question then is, whether the payment to the clerk, without the acceptance of the plaintiff, is a good payment. It is contended, that the object of ruling the sheriff was not only to compel him to return the execution, but to bring into court the money which may have been made upon it; that it was a new mode of obtaining the money, adopted by the plaintiff; and that the defendant, by complying with the requirements of the rule, did every thing which the plaintiff had a right to ask from him. The object of ruling the sheriff is, to obtain the highest evidence of his proceedings upon the execution. If he returns the execution, with an endorsement that he has received the money, that is conclusive against him, in any action brought for the money or in a proceeding against him by attachment. It is the duty of the sheriff to return a writ without being ruled, and in an action against him, what he has done upon it may be proved by parol. (*Hinman* v. *Brees*, 13 *Johns. R.* 529. *Buck* v. *Campbell*, 15 *Johns. R.* 456.) But still the plaintiff in an execution is not bound to rely upon this parol evidence, but has a right to insist upon a return by the sheriff as collateral to, and in aid of his action against him. The object of compelling a return of a writ is to ascertain, under the hands of the sheriff himself, what he has done, and not to compel him to bring into court the money which he may have made upon it. The ruling of the sheriff in this case, therefore, was not an abandonment of

the action against the sheriff, nor in any manner inconsistent with it. It was strictly a proceeding in aid of that action, being intended to procure the highest evidence in support of it. The payment of the money to the clerk, therefore, stands precisely as it would have done if it had been voluntarily made by the sheriff, without the compulsion of a rule against him.

It is the duty of a sheriff to pay over money levied upon an execution, to the plaintiff, without any previous demand, or to pay it into court. (*Brewster* v. *Van Ness,* 18 *Johns. R.* 133.) If the sheriff returns the execution satisfied, and that he has brought the money into court before any suit is commenced against him, he would not be liable to an action. The return would be notice to the plaintiff that the money was in court for him. But after an action is commenced against a sheriff for money received by him upon an execution, he stands upon the same footing with other debtors, and cannot discharge himself, simply by bringing the money into court. He can pay it into court, but then the payment must be made in the manner established by the rules and practice of the court. (*Bank of Columbia* v. *Southerland,* 3 *Cowen,* 336.) The payment in this case was not duly made, and the plaintiff was not bound to regard it. If, however, the plaintiff had accepted the money when it was paid in, he would have been estopped from denying that it was a good payment. The allegation of his acceptance, therefore, was the very gist of the plea; and the issue taken upon it, so far from being immaterial, is the most material issue which could have been taken. The replication, therefore, is good.

But it is said that the first count in the declaration to which the plea and replication relate, is bad in substance. The count, after stating the judgment and execution, and the delivery of it to the sheriff, alleges, that by virtue thereof, the said defendant, as sheriff, *seized and took in execution divers goods and chattels of the said David Sprague and Jesse C. Dunn, the defendants in the execution,* of great value, to wit, of the value of the monies so endorsed on the said execution, and directed to be levied as aforesaid, *and then and there levied the same thereout,* and being so liable on account thereof,

the said defendant, in consideration thereof, undertook and promised the said plaintiff to pay him the said sum of money before mentioned and levied as aforesaid. The first objection taken to this count seems to be, that it alleges a levy of the execution only, and not the receipt or making of the money upon it, and that the mere levying of an execution will not raise an assumpsit on the part of the sheriff to pay the money.

I understand the count as expressly alleging the making or receipt of the money by the sheriff out of the property seized under the execution. It first states, that the sheriff seized and took, under the execution, divers goods and chattels of the defendants, (this was the levy of the execution;) and it then alleges, that he levied the money directed to be made out of the goods and chattels so seized or taken; that is, he made the money. This is the fair construction of the count; for although the term *levy* is usually applied to the first proceeding or seizure under an execution, yet, when such seizure has already been alleged, and the money is then stated to have been levied out of the property seized, it is obviously intended to be used as synonymous with *made,* or *produced.* Without considering therefore, whether the mere levying of an execution by a sheriff on goods sufficient to satisfy it, would render him liable in assumpsit for the money in a special count, which did not state what was subsequently done or omitted to be done by the sheriff, I am of opinion that the objection to this count, which I have been considering, is unfounded in fact.

But it is objected, secondly, that assumpsit will not lie against a sheriff for money received upon an execution without a previous demand and refusal to pay, and that such demand must be specially averred. The case of *Brewster* v. *Van Ness,* (18 *Johns. R.* 133,) disposes of this objection. It was there held that a sheriff is bound to pay over money collected by him without a previous demand, and that an attachment will be issued to compel its payment. If he is bound to pay without demand, then such obligation will raise a promise to pay, and subject him to an action of assumpsit. *Phillips* (2 *Phil. Ev.* 225, *n. a.* 226,) lays it down in express terms, that it is not neces-

sary for a plaintiff in an action of assumpsit against a sheriff for money collected by him on an execution, to prove a demand of payment previous to the commencement of the action. He says, the sum levied was money had and received by the sheriff to the plaintiff's use, and as the money had not been tendered to him, the plaintiff had strictly a right to bring an action for recovering it, without any previous demand of payment. (*Dale* v. *Birch*, 3 *Camp.* 347. *Longdille* v. *Jones*, 1 *Stark.* 845.) If a previous demand need not be proved under the common counts, it need not be alleged in a special count. There is nothing in *Armstrong* v. *Garrow*, (6 *Cowen*, 465,) which contravenes this doctrine.

The plaintiff, therefore, is entitled to judgment upon the demurrer.