WESLEY W. STEPHENSON, Constable, defendant below appellant *vs.* WM. NEWCOMB, Constable, use of JOHN RODNEY, plaintiff below.

Assumpsit will lie by one constable against another having execution process against the same defendants for goods sold by the latter, where the former is entitled to the proceeds.

The regularity of the judgments cannot be collaterally inquired into.

APPEAL from the judgment of a justice of the peace in Sussex county.

Rodney obtained a judgment by attachment process against Joshua Lamb, and issued execution to William Newcomb, constable, who levied on the goods of Lamb, and attached a debt in the hands of one of Lamb's creditors. The proceeding on the attachment against Lamb was very irregular on the face of the record. It was against him as an absconding debtor, and judgment was rendered by the magistrate, without the report of referees, the demand being above $5 33. The notices were defective, none having been posted in the hundred of the defendant's place of abode. [*Digest* 349.] The judgment, which could only be rendered at the expiration of five weeks after the return of the attachment, was rendered on the *day of the return of the attachment.* Before the five weeks would have expired, other judgments were regularly obtained against Lamb, executions issued and delivered to the defendant below, who was the constable, and who seized and sold the goods attached by Mr. Rodney. The question was between the execution and the attaching creditors.

*Mr. Layton* moved a nonsuit for the irregularity of the proceedings in the attachment, which was refused.

*The Court.*—We cannot inquire into the regularity of this judgment. It is the judgment of a competent tribunal coming collaterally in question, and is conclusive. If we can enter into these questions of irregularity in respect to Rodney's judgment, we may also re-try those under which the defendant claims the proceeds of the goods attached or sold on execution, and thus run this case into inextricable confusion.

We do not point out a remedy. If there be none, it is a defect which the legislature ought to cure; but whilst the judgment stands unreversed, we must take it to be a valid judgment. If there be an exception, it is because of fraud in obtaining a judgment..

*Mr. Layton* afterwards made the point that there was not such a privity as would enable Constable Newcome to sue Constable Stephenson. [4 *Harr. Rep.* 178. 468, overruling Ross *vs.* Jacobs, 2 *Harr. Rep.* 445.] In this case the Court of Appeals decided that the judgment or execution creditor can sue the constable selling, or receiving the money; it follows that the other constable cannot have this right of action, for both cannot have it.

*Mr. Cullen.*—Assumpsit will lie by one constable against another, for goods sold by the latter, when the former is entitled to the proceeds. [2 *Harr. Rep.* 445; 3 *Ib.* 446; 4 *Ib.* 178, 468; 12 *Johns. Rep.* 227; 7 *Johns. Rep.* 470; 9 *Johns. Rep.* 96; 1 *Wend. Rep.* 534; *Chitty Const.* 461-2; 7 *Law. Lib.* 146.]

The plaintiff had a verdict under the charge of the court.