## SUPREME COURT.

### LEMUEL JENKINS agt. WILLIAM McGILL.

It is the duty of a sheriff to return process to the proper office.    If he does not do so personally, he must see that it is done.    If sent by mail, he must *pay the postage* on the letter containing it.

A clerk is not required to take a letter from the post office, containing process returned by a sheriff, where the postage is unpaid.

*Albany Special Term, Dec.* 1849.—This was an application, on affidavit and notice, under rule 6, for an attachment against the sheriff of the city and county of New York, for not returning a writ of *fieri facias*. The motion was resisted on the affidavit of the under sheriff of New York, showing that a return was duly endorsed on the execution, which was enclosed in an envelope, directed to the clerk of the county of Albany, and mailed at the New York post office.    It did not appear that the postage was paid, and the execution was not on file in the Albany clerk's office.    It was further shown that an action was also pending against the sheriff, for not levying and returning the execution.

H. S. McCALL, *for plaintiff.*

O. MEADS, *for the sheriff.*

PARKER, Justice.—The first question presented is, whether it is a compliance with the duty imposed on a sheriff, to mail an execution directed to the proper clerk's office, without paying postage on the letter. I do not think it is. The sheriff is required to return the execution to the office. He may do so personally; at all events he must see that it is done, and be held responsible for its performance. He is as much bound to see to the return of process, as he is to the faithful delivery of a person, whose body he is required to have at a time and place specified in the writ. A county clerk is not bound to take from the post office a letter from a sheriff containing process, on which the postage is not paid. The letter therefore miscarries, and the process is lost. It would certainly be no defence to a sheriff, sued for not returning process, that the plaintiff's attorney had failed to advance him the money to pay postage on his letter to the clerk. If that is a good defence, no such action, heretofore brought, was ever maintainable. Both parties have a right to require that the process be actually returned. I believe it is customary for the sheriff, under instructions from the plaintiff's attorney, to enclose to him the process by mail with the return duly endorsed. Such a practice is the most convenient for all concerned.

The sending of the execution to the clerk, postage unpaid, is therefore no answer to this application for an attachment, though, being done in good faith, it may be a good reason for relieving the sheriff hereafter on equitable terms.

Nor is it any objection to the granting of this motion, that an action is now pending against the sheriff for a failure to levy and return the execution. The plaintiff has a right to compel the return, to aid him as evidence in prosecuting the action. (*Dygert, Sheriff*, ads. *Crane*, 1 Wend. 534.)

The motion must therefore be granted with $10 costs.