## Town of Wentworth *v.* David Gove.

An action of assumpsit by a town for money had and received will lie against a collector of taxes to recover money collected by him and not paid over at the time specified in the warrant, and in such case no previous demand is necessary.

In respect to money collected by him after such times, it is his duty to pay it over in a reasonable time after the collection, without awaiting a demand.

The writ is dated May 4, 1861, and contains a count for money had and received, and for interest, and also a special count, alleging that the defendant at, &c., on, &c., in consideration that the town would choose and appoint him collector of taxes, &c., for the year 1858, and deliver to him the tax book and warrant, containing a list of the assessment of taxes upon, &c., for said year, promised the plaintiff that he would account, on demand for the amount of said assessment; that the town did choose and appoint the defendant collector of taxes, &c., for said year, and afterwards, on the same day, did deliver to him the tax book and warrant, containing a list of the assessment of taxes upon, &c., for said year, amounting in all to the sum of $3364.59; yet the defendant has not accounted for, or paid to said town the said amount of $3364.59, but a part only thereof, to wit: the sum of $3184.30, and the remaining amount of $180.29, the defendant, though requested, neglects and refuses to account for, or pay to said town.

It appeared that on the 8th of May, 1858, the defendant was duly appointed by the selectmen of Wentworth, and duly qualified as collector of the taxes of the town for that year; that on the same day the selectmen delivered to the defendant the tax list for the year and his war-

rant, for which the defendant gave to the selectmen his receipt. The receipt was as follows:

"WENTWORTH, May 8, 1858.

This day received of Selectmen of the town of Wentworth, a Tax Book and Warrant, containing a list of assessment upon the ratable polls and estate of the inhabitants of said town, amounting to the sum of $3358.-54, which I promise for myself, my heirs, or lawful attorney, to account for on demand.

(Signed,)                                    DAVID GOVE."

The defendant also gave the selectmen another receipt, similar in form to the foregoing, dated Oct. 27, 1858, for a school house tax assessment, amounting to $6.05, which receipt had been taken up by Gove prior to the bringing of the suit. The plaintiff, having introduced evidence tending to show that the defendant had, before the date of the plaintiff's writ, collected a certain amount of the taxes upon the lists thus committed to him, and that a certain sum of money thus collected by the defendant, remained in his hands unaccounted for to the town, on the day of the date of the plaintiff's writ, rested his case. The defendant thereupon introduced his official bond as collector, dated May 8th, 1858, duly approved by the selectmen on the same day, (the execution of the bond and that it came from the office of the town clerk of Wentworth being admitted,) and then moved for a nonsuit upon the ground that assumpsit could not be maintained upon the foregoing facts, and that the plaintiff had offered no evidence of any demand upon the defendant before suit.

The bond was executed by the defendant and two sureties, and the penal sum was $4000. The condition was as follows:

"Whereas, the said David Gove has been appointed collector of taxes for the said town of Wentworth, for the year 1858, now if the said David Gove, shall well and faithfully perform all the duties of his said office, then this obligation is to be void, otherwise to remain in full force."

The court overruled the motion for a nonsuit, and the defendant excepted. Thereupon the court having heard and considered the evidence offered by the plaintiff and by the defendant, found for the plaintiff, which finding the defendant moves may be set aside on account of the foregoing exception.

*Smith*, for Wentworth.

*Bartlett & Flanders*, for defendant.

BELLOWS, J. The question is, whether assumpsit will lie against a collector of taxes to recover money collected by him and not paid over; and if so, whether a previous demand is necessary.

The action of assumpsit for money had and received will in general lie wherever the defendant has in his hands money which, in equity and good conscience, belongs to the plaintiff. It is purely remedial in its character, being sometimes likened to a bill in chancery; and courts have

been disposed to extend, rather than to limit, its application, when the defendant is in no danger of being misled or taken by surprise.

When a collector of taxes has received money which it is his duty to pay over, and he has not done it, he can have no cause to complain of this equitable form of remedy, which, waiving the more harsh and summary modes of proceedings, seeks to recover from him what he cannot in justice and equity retain, and at the same time leaves open to him in the simplest form any defence, by way of set-off or otherwise, that he may be disposed to urge.

It is contended for the defendant, that the remedy is upon the collector's official bond, and upon that alone; and it is put upon the ground that all the promises by the defendant are merged in that instrument. But, we think, this is not a true view of the question, because when money is collected by him for town taxes, it becomes the money of the town, which it is his duty to pay over, not for the reason that he has promised to do so, but because it belongs to the town, and, therefore, the law raises a promise to pay it.

It may be true that the action of assumpsit cannot be sustained for what is regarded *strictly* as an act of official delinquency, and that the proper remedy is by an action on the case, or an action of debt; and such seems to be the doctrine of *Bailey* v. *Butterfield*, 14 Maine, 112, *Charlestown* v. *Stacy*, 10 Vermont, 562, and *McMillan* v. *Eastman*, 4 Mass. 378, which are cited by defendant's counsel.

But this action for money had and received does not go upon this ground, but merely seeks to recover a sum of money which the defendant has in his hands, and which is the property of the town.

It is true that the defendant's official bond is security for the performance of the duty to pay over this money, as well as all other duties; but in this respect it stands upon a footing similar to that of a sheriff, cashier of a bank, treasurer of a corporation, municipal or otherwise; and in these cases it will hardly be contended that, for every breach of duty, or failure to account for funds that might afterwards come into such officer's hands, the only remedy would be upon the official bond.

In the case of sheriffs who have collected money upon executions, it has been repeatedly held that an action for money had and received may be sustained. 3 Salk. 323; 2 Com. on Con. 30; *Perkinson* v. *Gilford & al.*, Cro. Car. 539; *Dygert* v. *Crane*, 1 Wend. 539; *Townsend* v. *Olin*, 5 Wend. 207; *Armstrong* v. *Garrow*, 6 Cow. 465. And the same doctrine is distinctly held in *Charlestown* v. *Stacy*, 10 Vt. 562, before cited, and is recognized in *Page* v. *Thompson*, 43 N. H. 375.

Where the sheriff sold property of a debtor upon execution for more than enough to satisfy it, assumpsit for money had and received by the debtor's administrator was sustained. *Farley, adm'r.* v. *Monroe*, 21 N. H. 146. So in *Grafton* v. *Follansbee*, 16 N. H. 450, assumpsit was maintained against a collector by the town for money collected, although no objection to the form of action appears to have been made.

So, where a sheriff had sold property on mesne process under the

statute, and had received the money for it, but the plaintiff in that suit had failed to obtain judgment, a count for money had and received in favor of the defendant, the debtor, was maintained. *Appleton* v. *Bancroft*, 10 Met. 231 ; *Wheelock* v. *Hastings*, 4 Met. 504.

In *Pettijohn* v. *Hudson*, 4 Harring. 289, it was held that a constable who collected money upon an execution was not liable to the creditor on his official bond, for not paying it over, inasmuch as such constable had received the execution from another constable to whom the creditor had committed it, but that he was liable in assumpsit for money had and received.

In *Helvey* v. *Commissioners of Huntington County*, 6 Blackford's Rep. 317, it was held that a count for money had and received will lie against a county treasurer for money received by him and not accounted for.

So, it would seem to be in England, Tidd. Pr. 932, where it is laid down that if *fieri facias* be returned, the plaintiff may proceed against the sheriff for the money by rule of court, or action of debt founded on his return ; or though no return be made, an action of debt, account, or assumpsit, will still lie against the sheriff or his executors, for the money levied ; citing Cro. Car. 539 ; 2 Shaw. 79, 281 ; Gilb. Exe'rs. 25.

The remaining question is, whether a previous demand is necessary. On this subject, the duty of the collector is plain ; it is to collect and pay over to the treasurers of the State and county certain sums, and at certain times specified in the warrant of the selectmen, and the remainder to the treasurer of the town ; or, at least, to pay over to such officers, within a time limited, the whole amount of the taxes collected.

Upon general principles, then, no notice to him to pay, can be necessary, for it is not a case where the act to be done by him is uncertain as to time, place, or amount, or peculiarly within the knowledge of the persons who are to receive the money : *Watson* v. *Walker*, 23 N. H. 471 ; *Hicks* v. *Burns*, 38 N. H. 151 ; on the contrary, the amount and time of payment are peculiarly within his own knowledge, and the persons to receive the money are public officers, and it is very clearly his duty, when the money is collected, to seek them out and pay it. Upon this ground he is made liable to the summary process of an extent, which may be issued by the State, county, and town treasurers, respectively, in case of his neglect, and, in cases of emergency, by the selectmen, and no provision is made for previous notice or request in Revised Statutes, ch. 48, (C. S. ch. 51.)

In New Hampshire it is held that a sheriff may retain money collected by him on execution in his own hands, until it is legally demanded ; and this is put upon the ground that although the writ of execution requires him to make return of the writ, he is not required to have the money in court. *Moody* v. *Mahurin*, 4 N. H. 296. In this respect it is understood to differ from the final process in England, where the sheriff is directed to have in court, on the return day, not only the writ but the money. Stress, also, is laid in the case cited, upon the provisions of our statute imposing a penalty upon the sheriff for neglecting to pay over

money collected, after demand made; see Revised Stat. ch. 178, sec. 11; (C. S. 189, sec. 11.)

A similar doctrine is held in Massachusetts, *Weston* v. *Ames*, 10 Met. 247, where the court say that an officer is not bound to return into court the money made on the execution, nor to look up the creditor, who may be at a distance, and tender it to him, and, consequently, that a cause of action does not accrue until a demand.

The reasons assigned for these decisions do not apply to the case of a collector of taxes; for it is clearly made his duty to seek out the various public officers to whom payment is to be made, and pay over the money he has collected, and the statute provisions making him liable to extent without previous notice imply distinctly that such is his duty.

In other jurisdictions it is held that a sheriff is not entitled to a previous demand before suit, for the money collected by him. *Brewster* v. *Van Ness*, 18 Johns. 133; *Dygert* v. *Crane*, 1 Wend. 539; *Janvin* v. *Vandever*, 3 Harring. 29.

But, whatever may be the law in regard to a sheriff, we think that when the times have arrived when he is required to pay the money collected, it is his duty to do it without notice or request.

In the case before us, the times of payment are fixed by the warrant, which requires the county tax to be paid Sept. 15, State tax Dec. 1, and then payment to the selectmen in August and November, and the balance in January; and in respect to money collected in season to make these payments, we hold it to be clearly his duty to pay it over. If not all collected in season, then it was his duty to pay it in a reasonable time after; and what would be a reasonable time must depend upon the circumstances of the case.

As no question is made on this point, it may be assumed that the money was seasonably collected; and if so, the exceptions should be overruled, and there should be, on the verdict by the court,

*Judgment for the plaintiff.*