NELSON v. KERR, sheriff, etc., appellant.

*Action against sheriff — demand — Statute construction — Code,* § 291.

A demand is not necessary before bringing action against a sheriff for moneys collected by him upon execution, and which he retains in his hands. The Code has not changed the rule in this respect.

The provision of § 291 of the Code, that "existing provisions of law not in conflict," etc., "shall apply to executions," etc., refers to the law as established by the courts, as well as that established by the legislature.

APPEAL from a judgment in favor of plaintiff, entered upon the report of a referee.

In July, 1872, the plaintiff recovered judgment in this court against Thomas Cornell for $2,280.38. On the 11th of that month an execution was issued on the judgment to the defendant, sheriff of Ulster county, commanding him to collect the amount of said judgment out of the personal or real property of the defendant therein.

After the receipt of said execution by the sheriff, and on the 27th of August, 1872, said Cornell paid to the defendant, sheriff, as aforesaid, the amount required to be collected thereon, together with his fees, and on the same day the defendant returned the execution satisfied, and the execution, with the said return indorsed thereon, was filed in the office of the clerk of Oswego county, where the judgment record was filed.

The sheriff retained in his hands the money so recovered by him,

and did not pay the same to the plaintiff, nor pay it into court; nor does it appear that he ever notified the plaintiff that he had collected the money on the execution.

Without making any demand of the money this action was brought, and the sole defense to the action is the non-demand of the money before suit.

On the trial before the referee, the defendant's counsel moved for a nonsuit, on the ground that a demand of the money was not made before suit. The referee denied the motion, and ordered judgment in favor of the plaintiff for money so as aforesaid received by said sheriff, with interest thereon.

And from said judgment the defendant appeals.

*F. L. Westbrook* and *C. Whitney,* for appellant.

*E. S. Pardee,* for respondent.

MULLIN, P. J. In *Brewster* v. *Van Ness,* 18 Johns. 133, the plaintiff moved for an attachment against the then late sheriff of Saratoga, for not paying over money collected by him on a *fi. fa.*

The counsel for the sheriff opposed the motion, on the ground that the plaintiff in the execution had not demanded the money.

The attachment was granted. The court say the sheriff was bound either to pay over the money to the plaintiff without any previous demand upon him for that purpose, or to have paid it into court.

In *Dygert* v. *Crane,* 1 Wend. 534, the declaration was against the defendant, as sheriff of Herkimer, for moneys collected by him on a *fi. fa.* on a judgment in favor of the plaintiff against Sprague and Dunn.

The defendant pleaded that after suit was brought he paid the money into court in obedience to a rule of court, entered by the plaintiff, requiring him to return said *fi. fa.,* and that the plaintiff accepted and received said money. The plaintiff replied, denying that he received the money, and the defendant demurred to the reply. Among other grounds taken by counsel in support of the demurrer was, that no demand for the money before suit was averred in the declaration.

In answer to this proposition, the court say that *Brewster* v. *Van Ness, supra,* disposes of the objection that no demand was made, and they repeat the decision in that case that a demand before suit is not necessary, in order to maintain an action against a sheriff.

The same proposition is laid down in the same case between the same parties in *Crane* v. *Dygert*, 4 Wend. 678, and again in *Lillie* v. *Hoyt*, 5 Hill, 398. In *Paige* v. *Willett*, 38 N. Y. 28, the court of appeals recognized the same rule. 2 Phil. Ev. 390, and cases cited. We have no right to disregard the law as thus settled, and we must follow it, however numerous or respectable the decisions in the courts of other States may be.

It is urged that the change made by the Code in the form of the execution has changed the law, and that a demand before suit is now necessary, although it might not have been before the Code.

By the *fi. fa.*, under the former practice, the sheriff was commanded to have those moneys before our justices of our supreme court to render unto said plaintiff for the debt, etc. This clause of the writ was not prescribed by any statute, but was inserted, I suppose, by the court; at all events, it was a part of the writ from the earliest time.

Section 289 of the Code directs that certain matters shall be stated in the execution, and § 290 requires it to be returnable within sixty days after its receipt by the officer to the clerk with whom the record of judgment is filed.

There is nothing in either of these sections that is inconsistent with the insertion of the clause above, copied from the common-law *fi.fa.*; and by § 291, it is provided that the existing provisions of law, not in conflict with the chapter of the Code, of which said section is part, relating to executions and their incidents, etc., the powers and rights of officers to enforce those duties, etc., shall apply to executions prescribed by the chapter.

By the phrase, "existing provisions of law," is meant the law as established by the courts, as well as by the legislature, so that the *fi. fa.* provided by the Code might very properly have contained the clause in question, as it was in no respect inconsistent with the provisions of the Code. Indeed, the duty of the sheriff was, and still is, to return the writ and to pay the money into court when collected, and, if not done, he may be proceeded against by attachment or action. The Code has not changed the law as to the duty of the sheriff, and we must, therefore, hold that a demand before suit was not necessary to entitle the plaintiff to maintain the action.

The judgment must be affirmed.

*Judgment affirmed.*