The sole question presented on this appeal is, whether an action can be maintained against a sheriff to recover money collected on execution, without a previous demand of payment. The sheriff in collecting an execution acts as the officer of the court whose process it is, and also as the agent, appointed by law, of the party who seeks by aid of the writ to obtain satisfaction of the debt or thing awarded by the judgment. The money collected by the sheriff belongs to the plaintiff. The sheriff, when he receives it, takes it as the agent of the party who has the judgment, and it is money had and received by him to the plaintiff's *Page 226 
use. The question as to the duty and liability of a sheriff in respect to money collected on execution was considered inBrewster v. Van Ness (18 J.R., 133); and in Dygert v.Crane (1 Wend., 534). In Brewster v. Van Ness, there was a motion for an attachment against the sheriff of Saratoga county for not paying over to the plaintiff money received by him on afi. fa. The sheriff had made a return to the execution, that he had levied the money and had it in his hands subject to the plaintiff's order, and he objected on the hearing of the motion that the plaintiff ought to have applied to the sheriff for the money before moving for an attachment. The court overruled the objection and said that the sheriff was bound either to pay over the money to the plaintiff without a previous demand or to have paid it into court, and a rule was granted that he pay it forthwith to the plaintiff with the costs of the application, or that an attachment issue.
In Dygert v. Crane, the action was brought against a sheriff for money collected on execution. The suit was commenced after the return day of the writ, but before a return had been made, and the court held that the action would lie, although no demand of payment had been made, and that the return of the execution by the sheriff and the payment of the money into court after the commencement of the suit, was no defence. The English cases maintain the same doctrine. (Dale v. Birch, 3 Camp., 346; Swain v. Merland, 1 B. B., 370.) Dale v. Birch was an action for money had and received, to recover forty-nine pounds, which the defendant had collected as sheriff, under writ of fi. fa., at the plaintiff's suit. No demand had been made, and this fact was urged as a defence to the action. Lord ELLENBOROUGH, after stating that the proceeding seemed to be vexatious, and that the court, on a proper application, might have staid the action, said: "But, sitting here, I can only consider whether the action, in point of law, is maintainable, and I make no doubt that it is. Upon the sheriff's return, the forty-nine pounds was certainly money had and received to the plaintiff's use; *Page 227 
as it had never been tendered to him, he had strictly a right to bring an action to recover it, without any previous demand of payment." Since the case of Brewster v. Van Ness, the doctrine there stated has been considered the settled law in this State, and no case has been cited in which it has been questioned. Nor is it perceived that the change in the form of the execution, since the Code, calls for any change of the rule declared in that case. The sheriff has the same means of protecting himself from liability. He may still bring the money into court with his writ, or pay it over to the plaintiff in the execution. The clerks of the several counties are clerks of the court, and the clerk with whom the judgment roll is filed, and where the execution is to be returned, is the proper officer to receive the money, and payment by a sheriff to him is payment into court. If paid to him, he holds it for the party entitled to receive it. There is no statute authorizing a sheriff to pay money collected on execution into court, nor, so far as I know, has there ever been, but the practice has prevailed from early times. In Bacon's Abridgment (tit. Execution, C.), it is said: "Upon a writ of fi. fa., the sheriff cannot deliver the goods of the defendant to the plaintiff in satisfaction of his debt, but the goods are to be sold, and the money, in strictness, is to be brought into court."
It is true that the sheriff, by the former writ in use in this State, was commanded to bring the money "before our justice," etc., on the return day, and so were the ancient precedents. But we have not found any authority for the proposition that the mandate of the writ was the sole ground upon which the sheriff was entitled to bring the money into court, in discharge of his liability. Forms of writs furnish strong evidence of what the law was when they were devised, and of the duty of the officer to whom they are directed. And it may well be supposed that the right of the sheriff to bring money collected on process into court, was established when the precedents of executions referred to were framed, in view of the manifest justice or convenience of the practice. Section *Page 228 
290 of the Code declares that an execution shall be returnable within sixty days after its receipt by the officer, to the clerk with whom the record of judgment is filed. This is the only section defining the duty of the sheriff upon the subject, and under it the sheriff may, I think, pay the money collected to the clerk, as a part of the return therein provided, although no special mention is made of it in the writ. The rule subjecting the sheriff to liability to an action for money collected on execution, without a previous demand, where he has failed to return the writ, or has made a return without bringing the money into court, is a salutary one. It tends to secure a prompt discharge of official duty, and, by reasonable diligence, the officer will generally be able to protect himself against vexatious proceedings by the creditor in the execution
The judgment should be affirmed.
All concur.
Judgment affirmed.