J. FRANK PHILLIPS, Appellant, *v.* HENRY W. WHEELER et al., Respondents.

A sheriff having several executions in his hands, issued upon judgments rendered in counties outside the judicial district in which he resides, may make a motion in his own county for directions as to the disposition of moneys collected by him, by levy and sale, under the executions.

The provision of the Code (sub. 4, § 401), providing that motions must be made in the district in which the action is triable, or in an adjoining county, etc., refers to motions in an action while it is pending, or such as relate in some way to its pendency or procedure.

Prior to the making of such a motion the sheriff had commenced an action against all the execution creditors, to determine their respective rights; some of the defendants answered, one demurred on the ground that the complaint did not state facts constituting a cause of action; the demurrer was sustained by the General Term. The action was pending at the time of making the motion. *Held,* that this was no bar to the motion; that it was at least a matter of discretion with the court, whether to grant relief on the motion during the pendency of the action.

The property levied upon and sold by the sheriff belonged to a firm composed of defendants. Plaintiff, one of the execution creditors, obtained his judgment by default against defendants jointly, upon claims alleged to be due from their firm. The execution upon this judgment was the first one issued and delivered to the sheriff. Upon motion thereafter made by defendant W., the judgment was opened, and he was allowed to answer; he did so, denying the indebtedness, and upon trial obtained judgment, adjudging that the firm was not indebted to plaintiff. The other two defendants not having joined in the motion the original judgment was left standing as against them. *Held,* that by the change in the original judgment the execution was practically superseded ; that if it retained any vitality it was only against the two defendants, for their debt, not the debt of the firm, and hence could take only their interest in the firm after payment of partnership debts; and that a subsequent execution, duly issued, upon a judgment against all the partners upon a firm debt, was entitled to a preference.

(Argued September 26, 1876; decided October 3, 1876.)

APPEAL from order of the General Term of the Supreme Court in the second judicial department, affirming an order of Special Term, which directed George Lamoree, late sheriff

of Dutchess county, to pay over to the owners of a judgment obtained by Charles Cornwall against the defendants herein, the proceeds of certain personal property belonging to their firm which had been levied upon and sold by said sheriff, by virtue of several executions. (Mem. of decision below, 2 Hun, 603.)

The motion was made by said sheriff, in Dutchess county; all of the judgments upon which the executions in the sheriff's hands were issued, including that of plaintiff's, were in actions having their venue in the city and county of New York, except that of said Cornwall, the venue in which was in Greene county.

The facts sufficiently appear in the opinion.

*Amasa J. Parker*, for the appellant.   The motion was not made in the proper district. (Code, § 401, sub. 4.)   Phillip's execution did not become dormant. (2 J. R., 418; 11 id., 110; 17 id., 274; 5 Hill, 337; 16 Barb., 585; 5 Cow., 390; 12 Wend., 404; *Dunderdale* v. *Sauvestre*, 13 Abb. Pr., 106.)

*George F. Comstock* and *H. A. Nelson*, for the respondent. The execution was dormant when the levy was made, and such levy was made only under the warrant of attachment. (*Camp* v. *Chamberlain*, 5 Den., 198; 3 R. S., 645, § 14; *Godfrey* v. *Gibbons*, 22 Wend., 569; *Root* v. *Wagner*, 30 N. Y., 9; *Kellogg* v. *Griffin*, 17 J. R., 274.)   The question of the dormancy of the execution had no bearing on the issue raised by the demurrer of defendant Smith. (*People ex rel. Reilly* v. *Johnson*, 38 N. Y., 58; *Sheldon* v. *Edwards*, 35 id., 287–289; *Campbell* v. *Gonsalus*, 25 id., 617.)

EARL, J.   On the 16th day of October, 1867, plaintiff recovered judgment by default against Wheeler, Smith and Phillips, the defendants, upon claims alleged to be due from them jointly as a firm.   Upon that judgment execution was issued and delivered to Lamoree, sheriff of Dutchess county, October 30, 1867.   On the next day, in an action commenced

against the same firm to recover a firm debt by Charles Cornwall, an attachment was issued against the property of the firm and delivered to the same sheriff. On the last named day the sheriff seized and attached all the property of the defendant in his county. Subsequently other judgments were recovered against the same defendants and other executions issued thereon to the same sheriff, and judgment was recovered in the Cornwall action for upwards of $2,500 and execution was also issued thereon. The sheriff sold all the property seized and attached and the net proceeds thereof was $1,779.44, which he held in his hands at the time he made this motion. This sum Phillips claimed upon the execution issued upon his judgment and the owners of the Cornwall judgment claimed it upon their execution. And this motion was made at a special term of the Supreme Court held in Dutchess county, by the sheriff, notice having been served upon all the owners of the executions in his hands, for an order directing the disposition of the money so in his hands. The court at Special Term ordered it to be paid upon the Cornwall execution and from that order Phillips appealed to the General Term and from affirmance there to this court. The sole question, therefore, for us to determine upon the merits is, whether the money was applicable upon the Phillips execution or upon the Cornwall execution.

Two preliminary objections are taken which do not go to the merits of the case, which must first be noticed. The Phillips judgment was recovered in New York and the Cornwall judgment in Greene county, and it is objected that the motion could not be made in Dutchess county, as that county was not in the judicial district or adjoining the counties in which either of the actions were triable. Subdivision 4 of section 401 of the Code provides, that "motions upon notice must be made within the district in which the action is triable, or in a county adjoining that in which it is triable, except that where the action is triable in the first judicial district the motion must be made therein, and no motion upon notice can be made in the first judicial district in an action

triable elsewhere." The motions here referred to are motions in the action while it is pending or such as relate in some way to its pendency or procedure. Here the actions were ended and *pro hac vice* the judgments were fully executed. The controversy was over the proceeds in the hands of the sheriff. He desired to know what to do with them, and we think he could apply to the Supreme Court in his own county for directions.

Before this motion was made the sheriff had commenced an action in the Supreme Court, in his name as plaintiff, against all the owners of the various executions as defendants, setting forth all the facts and asking that he might pay over the money under the direction of the court, and that the defendants be required to interplead, and their claims thereto thus settled. Some of the defendants answered. One of them demurred on the ground that the complaint did not state facts sufficient to constitute a cause of action. The Special Term overruled the demurrer, but upon appeal to the General Term the demurrer was sustained. After that it does not appear that any thing was done in that action, and it was pending at the time this motion was made. It is now claimed that the pendency of that action is an answer to this motion. We are of opinion that it is not. The plaintiff was embarrassed in his maintenance of that action. Some of the defendants answered, and one demurred, and upon the demurrer the General Term had decided that the action could not be maintained. The decision must have been based upon some principal that went to the very foundation of the action. If the relief sought by the sheriff could not be obtained in that action this motion was very properly entertained. If it could have been obtained in that action, then we know of no rule of law that deprives the court of its jurisdiction to grant the relief upon this motion. The pendency of the action is no bar to the motion seeking the same end by a different road. It was at least matter of discretion in the court to grant the relief upon this motion during the pendency of the action.

Upon the merits we think a proper disposition of the case

was made by the court below. After the execution was issued on the Phillips judgment, upon the motion of Wheeler, one of the defendants therein, an order was made by the Supreme Court opening the judgment and allowing him to answer. He answered denying the indebtedness of the firm to the plaintiff, and the issue thus formed was referred, and the referee found that the firm was not indebted to the plaintiff, and ordered judgment for defendant Wheeler against the plaintiff for his costs, and judgment was so entered. The other two defendants not having moved to vacate the judgment, it was left standing against them, and that was all the judgment the plaintiff then had. He had no judgment against the three or the firm, but only a judgment against the two. There was, therefore, no judgment to uphold the execution which had been issued against the three defendants, and that execution was practically superceded, its foundation having been destroyed by the action of the court upon the judgment. But if the execution had any vitality, it was simply as an execution against the two defendants for their debt, and not the debt of the firm, and hence could take only the interest of the two in the firm property after the payment of the firm debts. It follows, therefore, that the Cornwall execution, which was properly issued upon judgment obtained against all the members of the firm for a firm debt, had the priority, and that a proper disposition was made of the money by the order appealed from.

The order should be affirmed, with costs.

All concur.

Order affirmed.