IN THE MATTER OF THE APPLICATION OF LYDIA MOTT TO COMPEL ISAAC WAYLAND COOK, AN ATTORNEY, TO PAY OVER CERTAIN MONEYS BELONGING TO HER.

*Application for an order requiring an attorney to pay over money to his client — not granted during the pendency of an action by the client to recover the same money.*

Upon the hearing of an application for an order to compel an attorney to pay over to his client money which he had received for the purposes of investment, it appeared that the client had, prior to instituting such proceedings, commenced an action against the attorney in which she had caused him to be arrested, and that the said action was still pending.

*Held*, that the pendency of this action furnished a sufficient ground for denying the application.

APPEAL from an order made at a Special Term denying a motion made by the petitioner for an order compelling the respondent to pay over certain moneys belonging to her.

*Edgar T. Brackett*, for Lydia Mott, appellant.

*Theodore B. Yates*, for the respondent.

LEARNED, P. J. :

We think that the learned justice at Special Term took the proper view of this motion. We are not prepared to decide whether proceedings of this character can be taken against an attorney to recover money which he has simply received for the purpose of investment. However this may be, in the present case Mrs. Mott, prior to taking these proceedings, had commenced an action against Mr. Cook to recover this money, and in that action she had caused him to be arrested. The action is still pending.

Now it is a most reasonable rule that a man shall not be harassed by two actions or proceedings against him for the same cause of action at the same time. The pendency of another action for the same cause is ground of demurrer or answer. (Sec. 488, sub. 4, § 498.) So, if there be a pending special proceeding for the same cause, this is a bar. (*Groshon* v. *Lyon*, 16 Barb., 461.) Conversely, if there be an action pending, this should be a reason for denying relief applied for by special motion, based on the same facts and on the same claim.

The case of *Phillips* v. *Wheeler* (67 N. Y., 104) is not inconsistent with this view. In that case a demurrer to the action had been sustained, so that the plaintiff had been practically defeated. What would have been the rule, if the action had been sustained, was not before the court for decision. Further, that was only a proceeding to enable a sheriff to distribute 'moneys in his hands. No redress against the defendants was asked. And it was, as the court say, at least matter of discretion in the court to grant the relief upon the motion, during the pendency of the action.

It is in that light we consider this appeal. Perhaps it cannot be said that a pending action is a bar to a motion. That word is applicable rather to actions. But, at least, it may be considered by the court when exercising its discretion. And we think that the pendency of an action, especially one in which the defendant is under arrest, should induce the court, in its discretion, to refuse, on a special motion, the same relief in substance as is sought in the action.

It is urged, however, that the court should compel, in this summary way, an attorney to pay a check of $100 which it is alleged he gave as a consideration for putting over the action. We see no ground for this. If the giving the check was a legal fraud the courts are open for redress in the ordinary ways.

The case of *Wilkinson* v. *Gill* (14 Week. Dig., 231), cited by the counsel for Mrs. Mott, decides nothing of this kind. There the motion was denied, not granted, and the denial was affirmed by the General Term. Further, the motion was to compel an attorney to pay money which he had received from his client for the purpose of paying a judgment. He had given his check, which, of course, was not payment. The giving of the check did not create the liability. (The head-note in the Weekly Digest is not supported by the opinion as there given.)

The order is affirmed, without costs.

BOOKES, J. :

I think the order should be affirmed solely (on the ground above discussed) that there is an action pending between the parties based on the general statements of facts set forth in the moving papers, in which action the defendant has been held to bail. On the merits

of the controversy (and as bearing thereon, see *Matter of Dakin*, 4 Hill, 42; *Matter of Grant* v. *Chester*, 17 How., 260; and *Matter of Husson*, 62 id., 358), we should not, as I think, express any opinion, or, indeed, give any intimation whatever. All matters involved in the action should be left open for investigation and decision on the trial; and, as I think, the affirmance should be without costs of appeal.

Present — LEARNED, P. J., BOOKES and LANDON, JJ.

Order affirmed, without costs.