Supreme Court, January, 1921.        [Vol. 114.

BLANCHE BUCKLEY, Plaintiff, *v.* BUDDINGTON SHARPE, as Sheriff of the County of Rensselaer, Defendant.

Matter of the Application of BUDDINGTON SHARPE, as Sheriff of Rensselaer County, for an Order Allowing the Deposit in Court of Moneys Received from Sales of Property Belonging to ALBERT G. BUCKLEY.

(Supreme Court, Albany Special Term, January, 1921.)

Sheriffs — duties of — executions — when motion for an order permitting sheriff to deposit in court before the return day the proceeds of execution sales granted — judgments — General Rules of Practice, rule 6 — Code Civ. Pro. § 723.

It is the well-settled law of this state that it is the duty of the sheriff, not only to collect the moneys due upon an execution by the return day thereof, but to bring the same into court, or pay it over to the plaintiff or his attorney by such return day. (P. 208.)

A sheriff, having in his hands sufficient funds, the proceeds of sales of property under an execution, to pay the plaintiff's judgment in full, was served with a notice by the trustee under a trust agreement purporting to have been signed by plaintiff, under which the trustee claimed to be entitled to the money due on the plaintiff's judgment and execution. The trustee denied that the trust agreement had been abandoned, as claimed by plaintiff. *Held,* that a motion by the sheriff for an order permitting him to deposit in court before the return day of the execution, the proceeds of the execution sales and be absolved from further responsibility in relation thereto, will be granted, and the issue as to the ownership of the moneys determined either in an action by the trustee to enforce the trust agreement or by an action brought by the judgment creditor, to set it aside    (Pp. 211–213.)

Had the time for the return of the execution expired, the judgment creditor's remedy would have been either to compel a return by the sheriff under rule 6 of the General Rules of Practice, or to bring an action for damages against him. (P. 213.)

The mistake of entitling the motion papers, in the action brought against him as sheriff by one of the judgment creditors, is a mere irregularity which the court under section 723 of the Code of Civil Procedure may correct, where the substantial rights of other parties in interest are not affected. (P. 212.)

The claims of the judgment and attachment creditors of the judgment debtor cannot be settled on this motion, although they have been served with notice thereof, for the right of the party claiming the money being in doubt, the court will relegate her to her action.   (Id.)

APPLICATION by the sheriff of Rensselaer county for an order allowing the deposit in court of moneys received from sales of property.

Craymer & Donohue, for plaintiff and others.

Herbert F. Roy, for defendant Sharpe.

Abbott H. Jones, for Edward Dwyer.

Herbert A. Van Kirk, for Greenwich Bank.

W. S. Ostrander, for George R. Little, trustee, etc.

HINMAN, J.   This is an application by a sheriff having charge of attachments and executions against a judgment debtor for an order permitting him to deposit with the court or the clerk thereof, any and all proceeds of sales in attachments and executions previously levied by him and now in his hands to await the determination of conflicting rights and priorities of the various attaching and execution creditors.

It is unnecessary to review all of the facts and details in relation to these various attachments and executions. It is sufficient that the plaintiff has recovered a judgment and has issued an execution which is in the hands of the sheriff and that there are sufficient funds to pay the plaintiff's judgment in full, but con-

flict has arisen over the right of the plaintiff to enjoy the proceeds of such execution. The sheriff has been served with a notice by George R. Little, as trustee, under a trust agreement purporting to have been signed by the plaintiff under which he claims to be entitled to the money due on the plaintiff's judgment and execution. The claim of the plaintiff is that the alleged agreement was abandoned. This, however, seems to be denied by the trustee, who is pressing his claim to the right, as such trustee, to the moneys due under the plaintiff's judgment and execution.

Notice of the sheriff's application for this order has apparently been given to the various judgment creditors of Albert G. Buckley, judgment debtor.

The attorneys for the plaintiff in the action of *Buckley* v. *Sharpe* raise the point that the court has no power to entertain such a motion and to direct the payment of the money into court as prayed for by the sheriff, and they contend that the sheriff has no option under the Code but to pay the money in satisfaction of the judgments in the order of priority in which the warrants of attachment were issued.

My investigation with reference to this contention demonstrates what is occasionally the case, that a proposition of law has been so thoroughly settled over such a long period of time that the principle of the law has been lost to view so completely that it is not easy to find the authorities sustaining it.

It is the well settled law of this state that it is the duty of the sheriff, not only to collect the moneys due upon an execution by the return day thereof, but to bring the same into court, or pay the same over to the plaintiff or his attorney by such return day. This alternative remedy of the sheriff to bring the moneys into court has apparently existed from early times in this state and is the law of the state today. Crocker

Sheriffs (3d ed.), § 424; Smith Sheriffs, 405; *Nelson* v. *Kerr,* 59 N. Y. 224; *Mills* v. *Davis,* 53 id. 349; *Parker* v. *Bradley,* 46 N. Y. Super. Ct. 244; *Phillips* v. *Wheeler,* 2 Hun, 603; affd., 67 N. Y. 104; *Brewster* **v.** *Van Ness,* 18 Johns. 133; Code Civ. Pro. § 1366.

The story leading up to the establishment of this principle is well set forth in Smith on Sheriffs, Coroners and Constables at page 405. In as much as this work was published in 1883 and may not be available generally a quotation from the same may be valuable. It reads as follows:

" Disposition of Proceeds.— Formerly, in strictness, moneys collected upon an execution by a sheriff were to be brought into court. Afterward it became a sufficient answer for a sheriff, when sued for not bringing the moneys into court, to say that he had paid them over into the hands of the execution creditor. And, latterly, the general practice has been to pay the proceeds to the execution creditor, or to his attorney. There is no statute governing the subject, and, in this regard, expressly pointing out the sheriff's duty. But the practice has been from the earlier times, for the sheriff to bring the money into court. And this practice is good even at the present time. If there *can* be no doubt as to who is entitled to the proceeds, the sheriff should pay them over to the one entitled to receive them, or to his attorney. But if there be doubt, if there be adverse claimants of the proceeds, the sheriff is not bound, at his peril, to determine the matter, nor need he apply to the court for direction and protection. He may, with the execution and as part of the return thereof, deliver the proceeds to the clerk of the county where the execution is to be returned. This is a payment of the money into court. Under the Code the money might be paid by the sheriff directly to the county treasurer.

14

It is better, however, to return the money with the execution to the county clerk, when it is desired to bring the proceeds into court.''

The leading authority cited by Smith as sustaining the foregoing is the case of *Nelson* v. *Kerr, supra,* in which the Court of Appeals, per ANDREWS, J. says: '' Since the case of *Brewster* v. *Van Ness,* the doctrine there stated has been considered the settled law in this State, and no case has been cited in which it has been questioned. Nor is it perceived that the change in the form of the execution, since the Code, calls for any change of the rule declared in that case. The sheriff has the same means of protecting himself from liability. He may still bring the money into court with his writ, or pay it over to the plaintiff in the execution. The clerks of the several counties are clerks of the court, and the clerk with whom the judgment roll is filed, and where the execution is to be returned, is the proper officer to receive the money, and payment by a sheriff to him is payment into court. If paid to him, he holds it for the party entitled to receive it. There is no statute authorizing a sheriff to pay money collected on execution into court, nor, so far as I know, has there ever been, but the practice has prevailed from early times. In Bacon's Abridgment (tit. Execution, C.), it is said: ' Upon a writ of *fi. fa.,* the sheriff cannot deliver the goods of the defendant to the plaintiff in satisfaction of his debt, but the goods are to be sold, and the money, in strictness, is to be brought into court.'

'' It is true that the sheriff, by the former writ in use in this State, was commanded to bring the money ' before our justice,' etc., on the return day, and so were the ancient precedents. But we have not found any authority for the proposition that the mandate of the writ was the sole ground upon which the sheriff

was entitled to bring the money into court, in discharge of his liability. Forms of writs furnish strong evidence of what the law was when they were devised, and of the duty of the officer to whom they are directed. And it may well be supposed that the right of the sheriff to bring money collected on process into court, was established when the precedents of executions referred to were framed, in view of the manifest justice or convenience of the practice. Section 290 of the Code declares that an execution shall be returnable within sixty days after its receipt by the officer, to the clerk with whom the record of judgment is filed. This is the only section defining the duty of the sheriff upon the subject, and under it the sheriff may, I think, pay the money collected to the clerk, as a part of the return therein provided, although no special mention is made of it in the writ.''

The portion of section 290 of the old Code referred to in the above decision is now found in section 1366 of the present Code, in which it is provided that, ''An execution * * * must require the sheriff to return it to the proper clerk, within sixty days after the receipt thereof.''

I cannot find that the case of *Nelson* v. *Kerr* has been questioned at any time since it was decided, nor can I find any statute tending to modify or reverse the principle there sustained.

It seems that the sheriff need not apply to the court for direction and protection, but there is ample authority for the application which is made by the sheriff in this case. The practice was recognized as proper in the case of *Phillips* v. *Wheeler, supra,* in which it was held that where there was controversy over the proceeds in the hands of the sheriff and he desired to know what to do with them, he could apply to the Supreme Court for direction. It seems, however, that

in such a case the application of the sheriff is made as a motion in all of the actions in which judgments have been obtained, and in which the judgment creditors become adverse claimants to the proceeds in his hands, and if the judgments happen to have been obtained in more than one judicial district, that the sheriff may apply to the Supreme Court in his own county for directions, notwithstanding that the Code provides that motions upon notice must be made in the county in which the action is triable or· in the county adjoining that in which it is triable. *Phillips* **v.** *Wheeler, supra.*

The sheriff has entitled his papers in this motion in the action brought against him, as sheriff, by Blanche Buckley, one of the judgment creditors. This, however, is a mistake or irregularity which the court under section 723 of the Code. is empowered to overlook and correct, where the substantial rights of other parties in interest are not affected. I believe that it is my duty to permit this correction to be made in view of the fact that it seems to be conceded by the attorney for the plaintiff and all others appearing before me, that notice of the application has been given to all of the judgment creditors in interest.

Having decided that I will entertain the application and permit this correction to be made, entitling the application in all of the several actions affected, it may be well for me to intimate still further the resulting status of the parties affected by this decision.

I think it is clear as was said by the court in the case of *Wilson* v. *Wright*, 9 How. Pr. 459, that the adverse claims of the judgment and attachment creditors cannot be settled upon this motion. For, wherever the right of the party claiming the money is in doubt, the court will refuse to interfere on motion and will turn him over to his action.

Upon the payment of these moneys into court by depositing them in connection with the return with the clerk of the court in accordance with the foregoing authorities, it would seem to me that the question at issue as to the ownership of these moneys would properly be determined in an action by the trustee to enforce the said agreement or by the judgment creditor, Blanche Buckley, to set it aside.

The action of Blanche Buckley against the sheriff seems to have been prematurely brought in view of the fact that the time has not yet expired to require him to make his return. If that time had expired the plaintiff would have a remedy either to compel a return under rule 6 of the General Rules of Practice, or to bring such an action for damages against the sheriff.

In view of the fact that the return day has not yet arrived and the sheriff has the right to pay these moneys into court voluntarily or by order of the court, the remedy of the plaintiff, Blanche Buckley, is not in an action against the sheriff or an order in an attachment proceeding under rule 6, but to have the issue determined in an action between the parties interested.

Upon the payment of the moneys into court before the return day, the sheriff will be absolved from all further responsibility.

The motion is granted, with ten dollars costs

*Motion granted, with ten dollars costs.*