## NEWLAND vs. BAKER & STAATS.

An action does not lie against a *constable* for not paying over money collected by him on execution, where he has been sued and a recovery had against him for selling property, by the sale of which the money collected by him was made; where such recovery is equal to or exceeds the amount of the execution.

And such action does not lie, although the plaintiff in the execution on the delivery of the process executed a *bond of indemnity* to the constable, and notwithstanding, that the constable has brought an action upon such bond.

DEMURRER to replication. The plaintiff declared in *covenant* on an *obligation* executed by *Baker*, for the faithful performance of his duties as one of the *constables* of the city of Albany ; *Staats*, the other defendant, signed the obligation as the surety of Baker. The plaintiff alleged that on the 14th September, 1836, he delivered to Baker an execution issued from a justice's court in his favor against one *William Wright*, for $50 64 damages and costs, to be duly

Newland v. Baker.

executed. The execution was returnable in 90 days, and before the return day, Baker collected the money, but neglected to bring it into court. The defendants *pleaded* that the money collected by Baker, was made by the sale of certain property, for the selling of which an action of *trover* was brought against him by one *Margaret Gaylor*, on the 16th September, 1836, in which action Mrs. Gaylor subsequently in May term, 1837, recovered a judgment for $156 53 damages and costs; that on the trial of such cause the present plaintiff appeared and defended, that the question litigated was, whether the property belonged to *Wright* or to *Mrs. Gaylor*, and that the jury found in favor of Mrs. Gaylor. In addition to which the defendants averred that the property did in fact belong to Mrs. Gaylor. To this plea the plaintiff replied, that on delivery of the execution against Wright to Baker, he with a sufficient surety, executed a *bond of indemnity* to Baker, to save him harmless, &c., and that thereupon, Baker sold the property and made the amount of the execution. The plaintiff further averred that after the judgment against Baker, in favor of Mrs. Gaylor, to wit, in July term, 1837, Baker commenced a suit upon the *bond of indemnity*, which is still pending. This suit was commenced in July term, 1838. The defendants demurred to the replication.

*J. C. Yates*, for the defendants.

*O. A. Kingsley*, for the plaintiff.

*By the Court*, BRONSON, J. The plea gives a sufficient answer to the action. The plaintiff complains that *Baker* as constable collected and received the amount of the execution against *Wright*, and that he wrongfully withholds the money. The answer is, that although the constable took and sold certain property as the property of Wright, and thus collected the amount of the execution, yet a third person, to whom the property belonged, has sued the constable for taking it, and recovered a sum exceeding the amount which had been levied. The constable has got no money in his hands

belonging to the plaintiff. Although in form the execution and the judgment were satisfied by the sale, yet, in legal effect, there has been no satisfaction; the judgment against Wright is still in full force, and the plaintiff has a remedy in that direction. It would work great injustice to allow the plaintiff to maintain this action, when, in effect, the constable has received nothing.

If the recovery against the constable was by collusion between him and Mrs. Gaylor, as is hinted in the brief of the plaintiff's counsel, that matter should have been set up by way of replication. The plea shows an adverse recovery, against the united effort of Baker and the plaintiff Newland. And besides, it is averred that the property did in fact belong to Mrs. Gaylor.

The replication is, that before the levy, there was an agreement to indemnify the constable. If the plaintiff should succeed upon this ground, the constable might immediately turn round and recover back the money in an action on the plaintiff's covenant to indemnify. This circuity of action ought, if possible, to be avoided. *Clark* v. *Bush,* 3 Cowen, 151. *Smith* v. *Mapleback,* 1 T. R. 441, per Buller, J. But it is unnecessary to rest the decision upon that ground. The replication does not go far enough. It only shows that the constable will have a remedy over if the plaintiff succeeds. It does not overturn the plea, which shows that the constable has not got the money, and is not in default. If the plaintiff had paid Mrs. Gaylor's judgment, had performed his contract to indemnify the officer, this action might perhaps have been maintained.

The fact that an action has been brought against the plaintiff on the covenant of indemnity, cannot affect this question. In that action the question will be, how much has the constable been damnified? If he has paid Mrs. Gaylor's judgment and other expenses, he cannot recover the whole amount, but only such balance as may remain after deducting the money levied on the execution. Although that money cannot be recovered in this action, it will go to the question of damages in the suit upon the plaintiff's covenant.

Judgment for defendants.