### Camp *vs.* McCormick.

An application by the plaintiff for an order to compel a sheriff to pay over money levied on execution will be denied, and the plaintiff left to his action, where the sheriff sets up a defence, the evidence respecting which is contradictory.

Where the goods of M. were taken in execution, and a notice given by a landlord to the sheriff, with a view to obtain payment of rent, stated, among other things, that a certain sum was due from M. as rent for the use and occupation of certain premises which were described, *then occupied by M* ; HELD, that the notice was defective, for not shewing that the rent was due from M. *as tenant.   See note* (*a.*)

MOTION on behalf of the plaintiff that the sheriff of Tioga pay over to him money levied upon executions. An *alias* and a *pluries* execution had been successively issued in this cause, upon each of which personal property had been sold, upon the first to the amount of $65,37, and on the other to $69,25. The proceeds of the sale on the first execution were paid by the sheriff to one, Halsey, who as landlord had given notice claiming rent to be due him from the defendant for the premises upon which the property was taken. It appeared that the rent claimed had not fallen due at the time of the levy, though it became due before the sale ; but the sheriff, in his affidavit, stated that the plaintiff's attorney, after the sale, told him he was satisfied that the plaintiff could not hold the money, and assented to his paying it over to Halsey, and actually drew his return upon the execution, which return states that the money belonged to Halsey. The attorney denied giving any directions to the effect stated, and declared that he only told the sheriff that he must make his return according to the fact, and that he had no authority to yield the plaintiff's claim in favor of Halsey.

Prior to the sale on the second execution Halsey gave the sheriff another notice, duly sworn to, as follows:

"The sheriff of the county of Tioga is required to take notice that the sum of forty dollars is now due to me, by Henry McCormick for, and the same is claimed as, rent for the use and occupation of certain premises situate in the town of Owego, on lot number fourteen of Cox's patent, and now occupied by Henry McCormick, and such rent accrued during the space of six months, to wit, from the first day of April last to the first day of October last, and this notice is accompanied by the subjoined affidavit of the truth thereof. Dated Ithaca, Dec. 1844.

ROBERT HALSEY."

The property last levied on was on the premises leased by Halsey to the defendant; and the sheriff stated in his affidavit that he was ready to pay over such part of the proceeds of the last sale as he had received, to the party entitled to it, but that the greater part of it remained unpaid upon bids made on behalf of the plaintiff.

*J. A. Collier*, for the plaintiff.

*M. T. Reynolds*, contra.

*By the Court*, BEARDSLEY, J. The first levy was made on the eighth of August, at which time it is not pretended any rent was due to Halsey. A landlord can only claim in this form such rent as was due at the time of the levy. (1 *R. S.* 746, § 12; *Theriat* v. *Hart*, 2 *Hill*, 380.) The notice claiming the proceeds of the property levied on, shews that the rent fell due subsequently to the levy, and therefore fails to establish a right to these proceeds. That money should have been applied on the execution, unless it was paid on the claim interposed by Halsey, *by the consent of the plaintiff's attorney*. The fact of such consent is in doubt upon these affidavits, but as the sheriff sets up that the money was so paid by him, with the assent of the plaintiff's attorney, the truth of the statement will be best

ascertained by the verdict of a jury. The motion, so far as respects the amount made by the first levy and sale, should therefore be denied, as the case is a proper one to be determined in an action against the sheriff for the money.

The right to the money made on the *pluries* execution rests on the sufficiency of the notice by Halsey. It was served in due time, for it preceded the sale by the sheriff. (1 *R. S.* 746, § 12.) It states that the rent accrued during the space of six months from the first day of April to the first day of October, and which, I think, must be understood as alleging that the rent was payable on the last mentioned day. This was before the levy, and so far the notice was well enough. But it does not shew that the amount claimed as rent was due from the defendant *as tenant*. The landlord, by his notice, must make a case which gives him a preference over the execution creditor; but that preference exists only where the execution is against *the tenant from whom the rent is due.* (1 *R. S.* 746, § 12 *to* 17; *Millard* v. *Robinson*, 4 *Hill*, 604; *Olcott* v. *Frazier*, 5 *id.* 562.) This notice states that the rent was due for the use and occupation of the premises during a certain period, and although it asserts that the defendant was in the occupation of the premises at the date of the notice, it does not shew that he so occupied during the term for which the rent was payable. The notice therefore neither alleges in terms that the rent was due from the defendant *as tenant*, nor that he possessed the demised premises during the period for which the rent was demanded, and from which the fact that he was tenant might perhaps be inferred. This notice may be true and still the defendant may not have been tenant of the premises, and as such bound to pay the rent. The land may have been demised to another person for whom the defendant had expressly agreed to pay the rent to the landlord. The statute has no application to such a case. The notice must be from the landlord and must shew that he was landlord; that the defendant was his tenant, and the money due from him as such, for the rent of the demised premises, and that it was payable before levy made. Without examining other objections to this notice, which were made, it is enough to

say that it does not shew that the money was due from the defendant *as tenant.*(a) The plaintiff was therefore entitled to the money arising from the second sale; but as it may be necessary to bring an action for the amount made by the first sale, the whole matter can well be disposed of in that form. The motion will be denied without costs, and without prejudice to an action.

Ordered accordingly.

(a) This case advances a step beyond those already determined which are referred to in the opinion of the court. In *Millard* v. *Robinson*, (4 *Hill*, 604,) it was not stated in the notice *from whom the rent was due*, though it was said that at the time of giving the notice the premises were in the occupation of the defendant in the execution. In *Olcott* v. *Frazier*, (5 *id.* 562,) though the rent was claimed to be due from the defendant, it was not stated who *was in the occupation of the premises.* In the case now reported both of the allegations referred to appear in the notice, but it is not alleged that the defendant was *tenant* of the party claiming the rent, or that he occupied the premises during the time for which the rent accrued.