## SUPREME COURT.

### WILSON AND OTHERS agt. WRIGHT.

A *sheriff* is bound to return an execution according to the requisition of the statute, at his peril: in default, he is liable to an attachment or an action at the election of the party aggrieved; and in all cases the onus is on the sheriff to excuse the default.

Where the sheriff, under an indemnity, has sold the property of the defendant and received the money to satisfy the execution, he is not liable to an *attachment* for not paying it over, where it appears that he has been sued by a prior judgment creditor, claiming a portion of the fund. The court will not settle the rights of the parties in such case upon a motion for an attachment.

*Dutchess Special Term, July,* 1854. This is an application for an attachment against the sheriff of Dutchess county, to compel him to return an execution in the above entitled cause. The execution was delivered to the sheriff by the plaintiffs' attorneys on the 13th of January last. An execution on a prior judgment had been delivered to the sheriff four days before. The defendant had in November preceding executed a general assignment to one Heath, who had sold the goods assigned to Price & Southwick. The plaintiffs in this action indemnified the sheriff. He levied and sold enough to satisfy the execution, and soon after, and before the return day, was sued by Price & Southwick for the goods sold.

DODGE & CAMPBELL, *for motion.*
LEONARD MAISON, *opposed.*

DEAN, Justice. A sheriff is bound by law to return an execution according to the requisition of the statute, at his peril. If he neglects it, he renders himself liable to an attachment or an action at the election of the party aggrieved; and in all cases the onus is on the sheriff to excuse the default.

In this case the sheriff comes in and shows by affidavit that he has been sued for the money, and also that a portion of it is claimed by a prior judgment creditor. Under these circumstances, I think it clear that the rights of the several parties cannot be settled by this motion; and that an attachment ought not to issue against the sheriff. For wherever the right of the party claiming the money is in doubt, the court will refuse to interfere on motion and turn him over to his action. (Camp agt. McCormick, 1 *Denio*, 641; Evans agt. Parker, 20 *Wend.* 622.) The case of Newland agt. Barker (21 *Wend.* 264) also recognizes the principle that the mere receipt of the money by the sheriff on an execution will not in all cases make him liable to the plaintiff in the execution for the amount.

The motion must, therefore, be denied, and without costs to either party, and without prejudice to the plaintiffs' right to renew it, after the termination of the action of Price & Southwick against the sheriff.