John O. Matthews, Sheriff, &c., Appellant, vs. Lloyd W. Williams, Respondent.

1. A Sheriff was required by a rule of court to report what action had been taken under an execution, and reported on oath that he had sold property of the defendant in judgment and execution, (who was an administratrix,) and had realized a sum of money from said sale, but that he had, before sale of the property, been notified of the fact that the administratrix had filed notice of the insolvency of the estate in the Probate Court, and that such notice of insolvency was on file in the records of said Probate Court; whereupon on the motion of the attorney of the plaintiffs in the judgment and execution, the court ordered the Sheriff to pay over to the said attorney the money realized on said execution from such sale, or stand committed as for contempt, and the Sheriff paid over said moneys under the order. *Held :* That the return of the Sheriff that a suggestion of the insolvency of said estate had been duly made and filed in the Probate Court, tendered an issue to the rule, and the peremptory order to pay over the money to the attorney without inquiring into the truth of the return was an error, and if such suggestion of insolvency had in fact been filed by the administratrix, it was unlaw-

ful to direct the Sheriff to pay the money to the attorney, as the money represented assets of the insolvent estate and should be distributed *pro rata* in the settlement.

2. When money has been thus paid over, and the order is reversed or set aside, the court should require the money to be restored, and is clothed with power to enforce restitution by summary process.

Appeal from an order of the Circuit Court for Marion County.

The Sheriff, appellant, was required by a rule in open court to report what action had been taken by him upon an execution issued upon a judgment rendered in favor of Lloyd W. Williams against Sarah M. Pearson, administratrix of the estate of John W. Pearson. The sheriff in obedience to the rule makes report to the court that he had collected the sum of $324.14 proceeds of sale of lands of the estate of John W. Pearson, levied upon by an execution in favor of Lloyd W. Williams, and another execution in favor of Newell Harmon and McDonald against the same party, and that a balance of the proceeds of sale under said executions remained unpaid. The sheriff further reports on oath that before said sale a written suggestion of insolvency of said estate had been filed by the administratrix in the Court of Probate, of which he had been duly notified, and that the suggestion of insolvency was then of record in said Probate Court. Whereupon the court ordered the sheriff, (appellant,) to pay over instanter to E. M. L'Engle, attorney for plaintiff in execution, the moneys admitted to have been collected. On the next day, the court being informed that the money had not been paid over, the court ordered the sheriff to pay the money to the attorney or he should be committed for contempt. The respondent announced his intention to appeal from said order, and asked for a day's delay that he might perfect an appeal, which being denied, the sheriff paid over the money as directed.

A farther report having been ordered, the sheriff informed the court that a further sum had been realized upon the sale,

but that payment had been made by draft and that the money had not been paid thereon; whereupon, on the motion of the said attorney, the court made an order directing the sheriff immediately to pay over to said attorney the further sum of $381.04.

From these several orders, the sheriff prosecutes this appeal.

*S. M. G. Gary* for Appellant.

*E. M. L'Engle* for Appellee.

RANDALL, C. J., delivered the opinion of the court.

A plaintiff in execution may, after money has been made upon it, recover it of the sheriff by a summary application to the court, or by action. Tidd's Pr., 933; 1 Archbold's Pr., 263, and authorities cited. And in New York the sheriff was held bound to pay over the money to the plaintiff without a previous demand upon him, or to have paid it into court, and the court granted a rule that the sheriff forthwith pay over to the plaintiff the amount levied on the execution, together with costs of the application, or that an attachment issue against him. Brewster vs. Van Ness, 18 Johns., 133; see also Pitman's case, 1 Curtis, 186. By the statute of this State, (Th. Dig., 355,) executions were returnable when satisfied, and it was the duty of the sheriff to collect the amount of the writ by the next term of the court; and on the first day of every succeeding term, after receiving the writ, he is required to make a return of his doings thereon, and to pay over to the plaintiff's attorney all moneys collected. Ib., 359. If the sheriff neglect to comply with the law in this respect, he may be required to do so by rule, and the necessary process to compel compliance with the rule. This power is inherent in courts of record. The statute of 1833, (Th. Dig., 358,) referred to by counsel, furnishes an auxiliary process for recovering the money from the sheriff

40

with twenty per cent. damages, and for this purpose ten days' notice is required to be given before making the motion. This statute does not apply to the present case. Had the sheriff merely returned that he had made the amount of money, or sold property for a certain sum, the order of the court in the premises would not have been irregular. But the sheriff made report on oath, in answer to the rule, that not only his predecessor in office, but himself also had been served with notice, that the proper suggestion had been made in the Probate Court of the insolvency of the estate of Pearson, while holding the executions, and before the sale; and he offered to pay over the amount realized to the Probate Court, or into the Circuit Court, subject to the legal rights of all persons interested.

The act of January 8, 1853, entitled "an act to provide for the payment *pro rata* of the debts of insolvent estates," requires the Judge of Probate, on the suggestion of insolvency, and a schedule of the assets of said estate being duly filed, "to make distribution of the estate among the creditors, *pro rata.*" Whether the sheriff ought to have proceeded to a sale, after notice of the filing of the suggestion of insolvency of the estate, is not the question before this court. That he did so, without question or objection from any party interested as a creditor or otherwise, is probable, and the fund arising from the sale, standing in the place of the property sold, represented a part of the assets of the estate, and the estate being insolvent, these assets became subject to distribution, *pro rata*, among the creditors. The answer to the rule that a suggestion of insolvency had been filed according to law, tendered an issue under the rule which it then became the duty of the court to inquire into, and if the return had been found to be true, other parties beside the plaintiffs in execution would appear to be interested in the fund, and it should have been secured for distribution among the creditors according to law. There can be no shadow of warrant or authority for directing the assets of an

insolvent estate to be handed over to one or more creditors to the exclusion of all others.

In Camp vs. McCormick, 1 Denio, 641, a motion was made, on behalf of the plaintiff that a sheriff pay over to him money levied upon execution. The sheriff answered that a part of the proceeds of the sale had been paid to one Halsey, who, as landlord, had given notice claiming rent to be due him from the defendant for the premises upon which the property was taken, the landlord claiming a lien thereon for the rent. The proofs in the matter were contradictory, and left it in doubt whether the money was properly paid to the landlord, and the court, because of the doubt, denied the application for summary process and left the plaintiff to his action against the sheriff. The right of the plaintiffs to the entire fund should be unquestionable to justify this summary proceeding. The answer of the sheriff in this case shows that his motive in withholding the money from the plaintiffs was far from being an intention to disregard his duty, or to act in contempt of the process of the Circuit Court.

The several orders of the Circuit Court, directing the sheriff to pay over to the attorney of the plaintiffs in the said writs of execution, must be reversed and set aside, and the moneys paid to the attorney under said orders must be restored.

If a judgment be reversed in error, the party shall be restored to all he has lost. Comyn's Dig. VI, 469. And the mode of proceeding to effect this object must be regulated according to circumstances. Sometimes it is done by a writ of restitution, without a *scire facias*, when the record shows the money has been paid, and there is a certainty as to what has been lost. In other cases, a *scire facias* may be necessary to ascertain what is to be restored. The Bank of the U. S. vs. The Bank of Washington, 6 Peters, 8. Where judgment is set aside after execution levied, and paid, for irregularity, there needs no *scire facias* for restitution, but

an attachment shall be granted upon the rule for contempt, if there be not a restitution. Per Holt, C. J., 2 Salkeld, 588; Tidd's Pr., 936.

It is therefore considered and adjudged that the several rules and orders of the Circuit Court for the county of Marion, requiring the appellant, the sheriff of said county of Marion, to pay over to the attorney of the plaintiffs in the several writs of execution issued upon the judgments of said court, in the suit of Lloyd W. Williams against Sarah M. Pearson, administratrix of the estate of John W. Pearson, deceased, and in the suit of Newell Harmon & McDonald against the said Sarah M. Pearson, administratrix of the estate of John W. Pearson, deceased, the moneys collected by said sheriff upon said executions, which said orders are dated respectively March 25, 1870, and April 2, 1870, be and the same are hereby reversed and set aside. And it is further ordered that this cause be remanded to the said Circuit Court of Marion county, and said court is directed, by means of its proper rules and process, to cause to be restored to the said appellant, sheriff as aforesaid, all moneys which were caused to be paid by him to the attorney of the plaintiffs in the said judgments and writs of execution, by means of the said rules and orders above reversed and set aside; and that the appellant have and recover against the respondent his costs and disbursements by him expended in and about the prosecution of this appeal, to be taxed by the clerk of this court.