## J. W. HOWARD, SHERIFF *v.* A. PROSKAUER ET AL.

SHERIFF. *Money collected. Motion. Defence.*
> A sheriff cannot be compelled by motion to pay over money to a judgment creditor who appears by the writ to be entitled to it, while a bill in chancery, filed by a third person claiming the fund, is pending against the creditor and himself.

ERROR to the Circuit Court of Monroe County.

Hon. J. A. GREEN, Judge.

*Houston & Reynolds*, for the plaintiff in error.

To justify the sheriff in withholding money, received by him under execution or attachment, from the creditor whose lien is the oldest, it must appear that there are parties contesting

the creditor's right seriously and diligently, and by suitable proceedings before a proper tribunal. *Wallace* v. *Graham*, 13 Rich. 322; *Thomas* v. *Yates*, 1 McMullan, 179; *Cooper* v. *Scott*, 2 McMullan, 150; *Dawkins* v. *Pearson*, 2 Bailey, 619; *Thomas* v. *Aithen*, 2 Dudley, 292; *Johnson* v. *Gorham*, 6 Cal. 195; *Waldman* v. *Broder*, 10 Cal. 378; *McDowell* v. *Jefferson*, 3 Harr. 25; *Conway* v. *Campbell*, 11 Mo. 71. The contest is so made in the equity suit, which is a bar to this motion. Jurisdiction has been taken by the Chancery Court, which will proceed to final adjudication, and the sheriff must respond to the decree which will be made. He cannot be liable in both proceedings. An injunction would have prevented the officer from paying over the money, but the course adopted was as effective.

*Gholson & Houston*, for the defendants in error.

The suit in equity by the junior creditors cannot interfere with the proceeding at law between the senior creditor and the sheriff, who is first amenable to the Circuit Court for his failure to execute its process. Code 1871, §§ 229, 832; *Curry* v. *Lampkin*, 51 Miss. 91. If the former desired the Chancery Court to acquire jurisdiction over this fund, they should have secured the latter by an injunction bond. *Henderson* v. *Thornton*, 37 Miss. 448. Under the circumstances, the Chancery Court has no jurisdiction of the subject-matter. High on Injunctions, §§ 131, 251; *Boker* v. *Curtis*, 2 Edw. Ch. 111; Code 1871, §§ 1044, 1045. But the Circuit Court, having first obtained jurisdiction of the fund, should retain it. High on Injunctions, §§ 17, 47; *Green* v. *Robinson*, 5 How. 80. The sheriff should return the money and state the conflicting claims to that court.

CHALMERS, J., delivered the opinion of the court.

Sundry creditors of A. Strouse sued out attachment writs against him. The eldest of these was at the suit of A. Proskauer & Co., and it, together with all the writs issued, were levied upon a stock of goods which were sold as perishable in their nature and the money realized was held by the sheriff. At the May Term, 1879, of the Circuit Court of Monroe County, judgments were obtained against Strouse by all the

attaching creditors; but that of A. Proskauer & Co. was of superior lien because of the priority of levy. Before the money realized by sale of the goods was paid over to them, the other creditors united in a bill filed in the Chancery Court, to which Proskauer & Co., Strouse, and the sheriff, Howard, were made parties, alleging that the debt upon which Proskauer & Co.'s judgment was based was fictitious and fraudulent, and praying that said judgment might be vacated and annulled, and that the money in the hands of the sheriff might be paid over for ratable division among themselves. They asked also for a temporary injunction restraining the sheriff from paying over the money to Proskauer & Co. pending the litigation, but, failing to give the necessary bond, no writ of injunction was issued. The sheriff answered, admitting the holding of the money by him, and asking leave to pay it into court to abide the event of the litigation. Proskauer & Co. demurred to the bill, and at the September term of the court the demurrer was argued and taken under advisement by the Chancellor; but a few weeks thereafter, and before his decision was announced, a term of the Circuit Court having arrived, Proskauer & Co. made in that court the present motion against the sheriff to compel him to pay to them the money in his hands. As an answer to this motion, the sheriff informally pleaded the pendency against himself of the chancery litigation, verifying his plea by a production of the record. The court below adjudged the defence insufficient, and gave judgment on the motion against him, from which he appeals.

The question presented is, whether it is a defence to a motion against a sheriff, for failure to pay over money to the party shown by the process in his hands to be entitled to it, that a suit has been instituted against himself and the plaintiff in execution by some third person claiming a better right to the fund. It is conceded that the Chancery Court has jurisdiction to entertain the bill filed by the junior creditors for the purpose of vacating the judgment obtained by Proskauer & Co.; and if there was ever any doubt on the subject it was put at rest by the case of *Henderson* v. *Thornton*, 37 Miss. 448, a case quite similar in some of its legal aspects to the one at bar. But in that case the parties seeking to annul the prior

judgment obtained an injunction against the sheriff, restraining the paying over of the money to the plaintiff in execution, so that no question arose as to his liability to a motion in the Circuit Court for a failure to do so ; and, while it is conceded here that the motion would not be maintainable in the face of an injunction, it is claimed that nothing short of such prohibitory order can excuse the failure to obey the peremptory command of the writ under which the money has been realized. If such would be the effect of an injunction, why should not the pendency of the litigation have the same effect?

An interlocutory injunction is negative, not affirmative, in its character. It rarely confers any right upon the party seeking it, except to preserve the *status quo*, so that the same measure of justice may be meted out at the end of the controversy as was possible at its inception. But, if it is brought to the knowledge of a tribunal which has jurisdiction only over some of the parties in interest that a litigation is pending in another court of competent jurisdiction to which all persons interested have been made parties, it should be an extreme case that would justify a peremptory judgment in favor of those who alone have access to the court pronouncing it. In the case at bar, the Circuit Court could take no cognizance of the matters involved in the chancery suit, because the junior creditors had no *locus standi* in that forum, while the Chancery Court on the other hand, having all the parties before it, could do complete justice ; and while it is true ordinarily that the plaintiff who has reduced his claim to judgment and made effective an exetion issued upon it has a summary right to demand the money in the hands of the officer, yet this right is not absolute. It will never be exerted where there is a probability that the officer may be made liable to some other person who has actually instituted legal proceedings with that view until there has been a determination of the latter issue. *Wilson* v. *Wright*, 9 How. Pr. 459 ; *Payne* v. *Kershaw*, Harper, 275 ; *Newland* v. *Baker*, 21 Wend. 264.

We have repudiated in this State the doctrine that money in the hands of an officer is *in custodia legis* in such sense that it cannot be reached by a creditor of the person for whose benefit it is held, and have declared that such money is subject

to garnishment as if in the hands of a private person. *Burleson* v. *Milan*, 56 Miss. 399. Certainly, that which may be done by garnishment may be done by plenary proceedings in equity to which all claiming an interest in the fund in controversy are made parties; and so it would seem that, as a creditor of A. Proskauer & Co. could have reached this fund by garnishment and thereby precluded them from maintaining a motion against the sheriff to compel its payment to themselves, the same result should follow in behalf of those who have in a competent tribunal instituted proceedings to show that they are, and that Proskauer & Co. are not, legally entitled to it.

The judgment of the court below not being in accordance with these views is reversed, and the motion against the sheriff dismissed. *Judgment accordingly.*