SAMUEL V. ADAMS, SHERIFF, v. HAMILTON DISSTON.

1. A writ of error will lie upon an order of the court directing the sheriff to pay to the plaintiff in execution the money due him on the execution.

2. When a sheriff has taken an ample bond of indemnity from the plaintiff in execution to indemnify him against liability for selling under the execution goods not the property of the defendant in execution, he must look to the bond as security against the claim of third persons. In such a case, the sheriff cannot, in an action against him by the plaintiff in execution to recover the amount realized from a sale under the execution, set up the title of a third person to the property sold, unless he has been sued by the adverse claimant, and a recovery has been had against him for wrongfully selling the property.

3. A sheriff selling goods under an execution, and delivering them to purchasers without payment of the price, is answerable for the amount of the sales in an action of *assumpsit* for money had and received, and may be proceeded against by a rule to pay over the amount of the sales to the plaintiff in execution. In neither proceeding, whether by rule or action, will an officer who has sold property levied on, be allowed to defeat the right of the plaintiff in execution to receive the proceeds of the sale, by showing that he wrongfully gave the purchasers a credit or permitted them to take the property without paying the purchase money.

4. *Lomerson* v. *Huffman*, 1. *Dutcher* 625, distinguished.

On error to the Supreme Court.

The plaintiff in error is sheriff of the county of Atlantic. As such sheriff, he received a writ of *fieri facias*, issued out of the Supreme Court, on a judgment recovered by Disston against one George Strauck. He made return that under and by virtue of the writ, he had levied on, and, June 14th, 1879, sold two barouches of the defendant to David Dunn for Richard Doughty and John B. Champion, for $335; but the said David Dunn, Richard Doughty and John B. Champion refused to pay the said sum of $335 for said barouches, or any part of the said sum of money due the said sheriff under said execution.

Doughty and Champion claimed to be owners of the barouches, and made to the sheriff a claim of property therein. The sheriff refused to sell until indemnified by the plaintiff in execution. The indemnity was given, and the barouches were sold by the sheriff at public sale on the 14th of June, 1879. Doughty and Champion became the purchasers for the price of $335. The sheriff delivered the barouches to the purchasers without payment of the purchase money.

The Supreme Court, after rule to show cause and depositions taken, ruled the sheriff to pay over the money for which the property was sold. *Disston* v. *Strauck*, 13 *Vroom* 546. From this order the sheriff sued out this writ of error.

For the plaintiff in error, *H. L. Slape*.

Contra, *A. H. Sharp*.

The opinion of the court was delivered by

DEPUE, J. That a writ of error will lie in this case is indisputable. The court below adjudged the liability of the sheriff for the money in question as a matter of legal right, and ordered him to pay the money over. The order is a finality, and is in the nature of a final judgment. A writ of error will lie upon such a decision. *Eames* v. *Stiles*, 2 *Vroom* 490.

The plaintiff in error contends that the order is erroneous on several grounds.

*First.* That the defendant in execution did not own the property sold, and the purchasers took no title under the sale. In *Hopkins* v. *Chandler*, 2 *Harr.* 299, such a defence was allowed to the sheriff in proceedings to amerce him for not paying over money. That case does not apply. Here the sheriff took a bond of indemnity from the plaintiff in execution, which was ample security to him for any liability he might incur from selling goods not the property of the defendant in execution. Upon receiving such indemnity, the statute makes it the duty of the sheriff to proceed and sell the goods levied on. *Rev.* 395, § 33; *Harrison* v. *Allen*, 11 *Vroom* 556. Having obtained indemnity, the sheriff must look to it as security against the claims of third persons, unless he has been sued by the adverse claimant, and a recovery has been had against him for wrongfully selling the property. *Newland* v. *Baker*, 21 *Wend.* 264.

*Second.* That this rule was improvidently granted, the sheriff not having actually received the money, and that, therefore, the remedy of the plaintiff in execution was by action for non-performance of duty or by amercement. *Lomerson* v. *Huffman*, 1 *Dutcher* 625, was cited to sustain this contention. In that case, a writ of attachment had been served upon a constable with respect to money alleged to be in his hands as surplus money arising from the sale of property of the defendant in the attachment. It appeared that the officer had sold the personal property of the defendant in the attachment by virtue of sundry executions against him, to an amount exceeding the sum due on the executions, but that under an arrangement between the plaintiffs in execution and adverse claimants of the property, the bids were to be considered good or not according as the title might be determined in a suit pending in New York, and that the officer, therefore, had received no money for the property sold. The officer would not become a debtor to the defendant in execution for surplus money until he received the money, and it is clear that he

was not liable to garnishment with respect to moneys due and owing to the defendant in the attachment unless he had the money actually in hand. The right of the plaintiff in execution and his remedy against the officer depend on different grounds.

*Mildmay* v. *Smith,* 2 *Saund.* 343, is the leading case. The sheriff to whom an execution had been delivered, returned that, by his bailiffs, he had seized divers goods and chattels of the defendant in execution, to the value of £160, and that they were rescued out of their custody so that he could not levy the debt. The plaintiffs in execution proceeded against the sheriff by *scire facias* to recover execution against him for the said £160. The sheriff demurred. The court held the proceeding against the sheriff to have been well taken, " for the sheriff, by his return of the rescue, has put the plaintiffs to the end of their suit, for they cannot sue out a new execution, except for the surplus over and above the £160." It was added by the court that "true it is, that if the sheriff do not misbehave himself, he is not chargeable in debt or *scire facias,* unless it appears by his return that he has the money in his hands, * * * but it is otherwise here, for he has suffered the goods to be rescued out of his hands, which is a great fault in him." Mildmay *v.* Smith was followed in *Clerk* v. *Withers,* 2 *Ld. Raym.* 1072, and was approved in *Stimson* v. *Farnham, L. R.,* 7 *Q. B.* 181.

The reasoning upon which Mildmay *v.* Smith was decided, applies to this case. The sheriff sold the property under the execution for the sum of $335. To that extent the execution was satisfied by the sale, and the plaintiff could not issue a new execution except for the balance remaining due. If the plaintiff allowed the property after sale to get into the hands of the purchaser without payment, he was as much in fault as if he had suffered it to be rescued. Accordingly, in *Denton* v. *Livingston,* 9 *Johns.* 96, the court held that if the sheriff deliver to the purchaser goods seized and sold under execution without receiving the money, he is answerable for the amount of the sale in an action of *assumpsit* for money

Adams v. Disston.

had and received.  A rule on the sheriff to pay over the money has taken the place of the cumbersome proceeding at common law by *scire facias,* and is a remedy concurrent with an action of *assumpsit.*  In neither proceeding, whether by rule or action, will an officer who has sold the property levied on, be allowed to defeat the right of the plaintiff in the execution to receive the proceeds of the sale, by showing that he wrongfully gave the purchaser a credit, or permitted him to take the property without paying the purchase money.

*Third.*  The sheriff contends that the delivery of the property to the purchasers without payment of the price bid, was by the consent of the attorney of the plaintiff in execution.  This contention is not sustained in fact.  The fair import of the depositions taken under the rule to show cause is, that the sheriff agreed to give Mr. Doughty time to pay until the next week, for the reason that he did not have the money with him, and wanted to see Mr. Slape, and that the plaintiff's attorney merely consented to receive the money for the sheriff to accommodate the latter.

The rule is informal in directing the money to be paid into court instead of to the plaintiff in execution, but this informality has done the sheriff no harm.

The judgment should be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, DE-PUE, PARKER, REED, VAN SYCKEL, CLEMENT, COLE. KIRK, PATERSON, WHITAKER.  11.

*For reversal*—None.