GEORGE A. MAXWELL AND ANNIE J. MAXWELL, APPELLANTS, VS. JACKSONVILLE LOAN AND IMPROVEMENT COMPANY, APPELLEE.

Where an appeal is taken from a final decree of foreclosure to this court and no supersedeas is perfected, and pending the appeal the decree below is enforced, the property sold and bought by appellee, the sale confirmed, deed made to it (a corporation) which takes possession and enjoys the rents, incomes and profits of the property, and these facts are made to appear to this court by a petition, after its order has been made reversing the decree below and before the mandate of this court issues, this court will so amend its original order reversing the decree as to permit appellant to file its petition in the court below stating the

Maxwell v. Jacksonville Loan & Imp. Co.—Opinion of Court.

facts and praying for an accounting with the appellee for and on account of the rents, issues and profits of the property, and for restoration to the appellants of all they have lost by reason of the enforcement of the reversed decree, and authorizing the court below to make inquiry into the facts, in order that it may cause a proper accounting to be had, and proper restitution to be made to the appellants.

This case was decided by Division A.

Appeal from the Circuit Court for Duval County.

The facts in the case are stated in the opinion of the court.

*J. S. Maxwell* and *A. W. Cockrell & Son,* for Appellants.

*Wm. B. Young, E. P. Axtell* and *J. B. Whitfield,* for Appellee.

HOCKER, J.

Since the decree of this court was rendered reversing the decree of the lower court, a motion has been filed here by the appellee, complainant below, requesting this court to amend its order so as to set forth the amounts expended by appellee for insurance and interest thereon as shown by the master's report, alleging as a reason therefor that the original records and testimony were destroyed by fire on May 3rd, 1901; that it would be inconvenient, if not impossible, for appellee to make the proof before the master and that the record here shows the data upon which the amended order could be based. On the argument of this motion it was admitted that the appli-

cation was made under a misapprehension of the facts, and that the original papers and that the original papers and records in this case were not destroyed by fire, but are now in the clerk's office at Jacksonville. Under these circumstances we do not think it necessary to amend the order of this court in the particulars mentioned in this motion.

There is also presented to us a petition of the appellants stating, among other things, that after the appeal from the decree of foreclosure rendered on October 21st, 1898, was sued out, which decree was reversed by this court, the appellee caused the said decree of foreclosure to be executed, the lands described therein to be sold; that at the sale appellee became the purchaser and took a master's deed to them; that the sale was confirmed; that appellee took possession of the said lands and has held them ever since, and has been receiving and appropriating the rents, issues, incomes and profits thereof, and that appellants are entitled to an accounting to and from appellee of the same, and to have them credited on the sum of $6,600.29, the amount held to be due appellee, in the order of this court. Petitioners pray that the decree of this court reversing the final decree of foreclosure in so far as it ascertains the amount of the actual principal sum loaned by appellee to these appellants do stand as hereinbefore rendered; that the sale of the lands made under the reversed decree be vacated and annulled; that the deed of the same made by the master be surrendered and cancelled; that appellants be let into the possession of the lands embodied in said deed; that if necessary a writ of possession issue to place appellants in possession; that appellee be decreed to make restoration to appellants for what they have lost by the execution of said reversed

decree; that an account of rents, issues and profits be taken, and the amount ascertained and credited on the final decree, &c. Copies of various records are attached to this petition, and the solicitor of appellee, who appeared personally and argued the questions involved before this court, raises no question as to the accuracy of the exhibits, or of the correctness of the facts set up in the petition. There is no doubt of the proposition that on the reversal of a judgment or decree, the law raises an obligation in the party to the record, who has received the benefit of the erroneous judgment or decree, to make restitution to the other party "for what he has lost, the mode for effecting restitution to be varied according to circumstances." 18 Ency. Pl. & Pr. 885; Bank of the United States v. Bank of Washington, 6 Peters, 8; Walker v. Sarven, 41 Fla. 210, 25 South. Rep. 885; Mathews v. Williams, 13 Fla. 615; Anderson v. Thum. 71 Fed. Rep. 763; Flemings v. Riddick's Exr. 5 Gratt. 272; Marks v. Cowles, 61 Ala. 299. It might be the duty of this court, in a perfectly plain case, where there could be no dispute about the facts, to cause restitution to be made to a party entitled to it, but in a case like the one presented in the petition we think application should be made in the first instance to the court which rendered the decree that has been reversed. It is the duty of that court upon proper application by petition or motion to investigate the facts, and by proper order to cause the appellants to be restored to all things which they have lost by reason of the decree which has been reversed. To that end the judgment already entered reversing the decree appealed from is amended by adding the following: And it is further ordered that appellants have leave to file and prosecute in the court below a petition for restitution of whatever

they have been deprived of or have lost by the enforcement of the decree which has been reversed, and if they be entitled to any rents, issues and profits of lands, that they be allowed, if they so desire, to offset the same against the amounts decreed in favor of appellee, and that no final decree be made in the premises without reasonable opportunity being afforded to file and prosecute such petition.