M. C. KISER COMPANY, a corporation, et al., *Appellants,* vs. WILLIE T. RUSS, as administratrix, *Appellee.*

143 So. 592.

Division B.

Opinion filed September 26, 1932.

*John H. Carter* and *John H. Carter, Jr.,* for Appellants; *James H. Finch,* for Appellee.

WHITFIELD, P. J.—This appeal is from a final decree enjoining the M. C. Kiser Company ''from selling, or causing to be sold, any land or other property of the estate of J. W. Russ, deceased, under the judgment and execution of the said defendant entered in the Circuit Court of Jackson County, Florida, on December 10, 1930, said judgment being for the sum of $679.12, and $8.10 costs, and said execution issuing out of said court on the same day; and

the said judgment and execution, so far as they may have been, or now purport to be, a lien or liens upon any of the property of the estate of said J. W. Russ, deceased, real or personal, are hereby cancelled, but the amount of said judgment, with costs, is hereby adjudged to constitute a valid claim against said estate, to be paid pro rata with other proven claims, as by law in such case provided.''

The sheriff and his deputies were similarly enjoined.

It appears that J. W. Russ died intestate February 7, 1930. The administratrix of his estate qualified February 11, 1930. On September 12, 1930, the administratrix was duly authorized by order of the County Judge of the county to take possession of real estate of the decedent's estate for the payment of debts of the estate. The order included the lands afterwards levied upon under the judgment and execution obtained by the defendant, M. C. Kiser Company against the administratrix. In October, 1930, the M. C. Kiser Company, a promissory note creditor of the decedent, brought an action against the administratrix on the promissory notes given for goods, wares and merchandise sold to the decedent in his life time, and obtained judgment thereon December 10, 1930. Execution issued upon the judgment was levied April 29, 1931, upon lands of the decedent which by order of the County Judge the administratrix was authorized to take possession of for payment of debts of the estate. On May 4, 1931, the administratrix filed a suggestion of the insolvency of the estate and the estate was on July 21, 1931 adjudged to be insolvent. A sale of the lands of the decedent under the execution advertised for August 3, 1931, was enjoined prior to the date of the sale.

The action on promissory notes of the decedent was brought against the administratrix after she had been duly authorized to take possession of the lands for the purpose of paying debts of the decedent. Neither the judgment

consequent upon default subsequently obtained against the administratrix in the action, nor the execution issued on such judgment, can under the statutes have priority of payment over other claims against the estate which proved to be insolvent so that the debts against the estate must be paid as the statute directs. See sections 5610 (3738), 5647 (3774) to 5650 (3777) C. G. L. See Scarlett v. Hicks and Lang, 13 Fla. 314; Matthews v. Williams, 13 Fla. 615. This is so even though the administratrix may have asserted the estate to be solvent, if it was in fact insolvent.

An execution upon a judgment at law obtained by a general creditor against an administratrix, should not be levied upon lands of her decedent's estate purporting to give priority over other creditors where the estate is insolvent, the statutes containing specific provision regulating payments from insolvent estates.

The legal effect of the decree accords with this decision.

Affirmed.

TERRELL AND DAVIS, J.J., concur.

BUFORD, C.J. AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.