## SUPREME COURT.

JACOB RICE, respondent, agt. JOHN E. EHLE *et al.*, appellants.

In obtaining an order for the *discovery of books and papers*, it is improper to insert in it the consequences of not obeying it, such as that the defendants be precluded from making any defense, and their answer be stricken out, &c.

Such an order can only be made after the party is proved to be in default, and no benefit can result from inserting in it which of the several penalties will be inflicted if the discovery be not made.

Bnt the insertion of such a provision, which seems to be sanctioned by Rule 16, cannot render the order for discovery irregular or invalid. It is simply an unnecessary provision and harmless. The provisions of the Code relating to discovery furnish no authority for inserting such a provision in the rule.

Although *special terms* are required to be held in the several counties, their jurisdiction is not limited to cases arising in the county or even the judicial district in which they are held. They have jurisdiction to hear and decide motions from any part of the state.

It is competent for counsel to agree to have a motion heard and decided at any special term in any county in the state, and the order made in it is reviewable, when made, in a county other than that designated by the Code, as if it were made in the proper county.

*Fourth Department, Rochester General Term, April,* 1873.
FACTS appear in opinion.

SMITH, BANCROFT & MOAK, *for appellant.*
F. F. WENDELL, *for respondent.*

MULLIN, *P. J.*—The plaintiff sued the defendants for negligence in making the milk furnished by him to them, as the proprietors of a cheese factory, in Herkimer county, into cheese.

The plaintiff applied to JAMES, J., for an order requiring defendants to make discovery of certain books and papers belonging to them or under their control.

Rice agt. Ehle.

After hearing the parties, he made an order pursuant to the prayer of the petition presented to him, requiring the defendants to make such discovery, and that they give notice to the plaintiff's attorney of the time of making such deposit, and for a failure to comply with the order the defendants should be precluded from making any defense, and their answer should be stricken out unless defendants should immediately upon the expiration of the time allowed for making the discovery, apply to a justice of this court for an order for leave to show cause why this order had not been complied with, and the defendants' attorney was required to have his clients present before the judge making the order, for oral examination.

An order to show cause was obtained from DOOLITTLE, J., which was finally vacated by him, and an order made making the order of JAMES, J., absolute.

A motion was noticed on behalf of defendants for a special term in Lewis county, to vacate the orders above mentioned. By the agreement of counsel it was heard at a special term in Saratoga county, held by BOOKES, J., and it was denied, and from the order then made the defendants appeal.

It is not claimed but that the order of JAMES, J., was a proper one, so far as it related to the books, &c. But it is said that the provision prescribing the consequences of not obeying the order is unauthorized and void.

The proceedings to obtain a discovery of books and papers are prescribed by sections 60, 61, 62, 63, 64, 65 and 66, 3d R. S., 5th edition, 293, 294.

There is nothing in those sections that authorizes the insertion in the order for discovery the consequences of not obeying it. Section 65 provides that the court may nonsuit the party disobeying the order, strike out a plea or debar him from any particular defense in relation to which discovery is sought.

Such an order can only be made after the party is proved to be in default, and no benefit can result from inserting in

the order which of these several penalties will be inflicted if the discovery is not made.

We have no means of ascertaining the reasons that induced the judges who framed the rules to insert such a provision in the 60th rule of the court, now rule 16.

But the insertion of such a provision cannot render the order for discovery irregular or invalid. It is simply an unnecessary provision.

The provisions of the Code relating to discovery furnish no authority for inserting the provision under consideration in the rule. If the insertion of such a provision in an order for discovery could affect its validity, we apprehend that the rule is confirmed and legalized by section 13 of chapter 408, of laws of 1870.

It declares that the rules adopted by the judges, now in force, should remain in force until altered or abolished by the judges authorized to revise the same.

But it is not necessary to invoke the aid of the statute to support the order. The provision declaring the consequences of disobeying the order is entirely harmless. As the defendants procured the insertion in the order of JAMES, J., the provision giving leave to apply to another judge for an order to show cause, they cannot be heard to complain of it now.

Technically, the papers on the motion before judge JAMES were filed within ten days from the time they were delivered to him by the judge, who for that purpose must, under the circumstances, stand in place of the clerk.

I entertain no doubt of the jurisdiction of the special term in Saratoga to entertain the motion to set aside the orders of judges JAMES and DOOLITTLE.

Although special terms are required to be held in the several counties, their jurisdiction is not limited to cases arising in the county, or even the judicial district in which they are held. They have jurisdiction to hear and decide motions from any part of the state. It is irregular to make a motion out of the district in which the place of trial is laid; except

Rice agt. Ehle.

that it may be made in a county of another district adjoining the district in which the place of trial is.

It is competent for counsel to agree to have a motion heard and decided at any special term in any county in the state, and the order made in it is reviewable when made in a county other than that designated by the Code, as if it were made in the proper county.

The order of the special term is affirmed, with ten dollars costs.

My brethren concur in the result.