## SUPREME COURT.

### HENRY ERISMAN agt. JAMES W. PIDCOCK.

*Removal of cause — Order may be made without notice, and at a special term other than in the county where the venue is laid —Bond — Special Bail — After order is entered, state court no power to proceed — Code of Civil Procedure, section 769.*

Where in an action triable in Erie county, an order for its removal into the circuit of the United States, under the law of congress of 1875, was made on November 11, 1880, in the county of New York, without notice, and two days later an order was granted in Erie county, referring the action and appointing a receiver:

*Held*, that under the construction which has been given to this act of congress, the application for the order of removal was regular, even though no notice of it was given to the attorneys of the plaintiff.

As it was regularly made without a service of notice, the order could be properly made, as it was, by a special term other than in the county where the venue was laid.

It is only when special bail is originally requisite in the action that the bond executed is required to include a condition for the entering of such bail.

After the order had been entered in Erie county and served, the court had no authority to proceed further in the action.

The order afterwards made for a reference and receiver was entirely unauthorized, and though void, a motion to vacate it was proper.

*Erie, Special Term, November,* 1881.

MOTION made by defendant to vacate an order referring the issues in this action to a referee, and appointing a receiver.

*A. G. Rice,* for plaintiff.

*Geo. F. Martens,* for defendant.

DANIELS, *J.* — Before the order was made, which it is now insisted in support of the motion should be vacated, an order was made in form removing this cause into the circuit court of the United States. That order was served upon the attorneys for the plaintiff on the 11th day of November, 1880, while the order referring the action and appointing the

receiver was not made until the thirteenth day of the same month. This order for the removal of the action was made under chapter 137 of the laws of congress, enacted in 1875 (*Supplement to United States Statutes,* 174, *secs.* 2, 3). The county designated in the complaint for the trial of the action was the county of Erie, while the order for its removal to the circuit court was made in the county of New York. For that reason it was considered to be unauthorized and ineffectual for the removal of the action. But as the law stood at the time when the application was made, it was only such motions as were to be upon notice that were required to be made within the judicial district in which the action is triable, or in a county adjoining that in which it is triable (*Code Civil Procedure, sec.* 769).

Where notice is not required to be given, there the application is not within the terms of the restraint created by' this section, and it may be made elsewhere, for the special term, when not restrained by statutory provisions, may hear and dispose of applications for orders in the course of legal proceedings, wherever it may at the time be held. The jurisdiction in such a case is necessarily•of a general character, and not restricted to the district in which the court may be held. This follows from the nature of the court itself, which is authorized to exercise the authority of the supreme court of the state; and this conclusion has, to a certain extent, been sanctioned by the cases of *Rice* agt. *Ehle* (65 *Barb.,* 185); *Tracy* agt. *Tallmadge* (1 *Abb.,* 463); *Wales* agt. *Jones* (2 *Abb.,* 20).

By the constitution of the United States, congress has, by clear implication, been vested with authority to provide for the mode in which actions may be removed from the state courts to the courts of the United States (*Const. U. S., art.* 3, *sec.* 2, *sub.* 2 ; *art.* 1, *sec.* 17). And that authority has been so exercised as to prescribe the mode of proceeding by which the object is to be obtained. That has always been considered to be within the peculiar province of congress over this

subject, and in the act now under consideration it has been declared in clear terms what it shall be necessary to do to remove an action in the cases mentioned in it from the state courts into the United States circuit court.

That the present action is one of those included within the terms of this act of congress is clearly disclosed by the papers, and the proceedings taken to secure its removal conform to what the act has required to be done, unless notice of the application should have been given and the condition of the bond filed should have been made broader than it was in its terms. The act of congress has not been framed in such terms as to require notice of the application to be given, but by implication it has, in substance, dispensed with the observance of that formality, for it has otherwise prescribed the proceedings required to be taken, and upon the observance of those requirements it has been made the duty of the state court to accept the petition and the bond, and proceed no further in the suit. This is all that has been required to be done to secure the removal of the action (*Sec.* 3, *chap.* 137, *U. S. Statutes*, 1875).

By numerating precisely the steps required to be taken, and declaring the effect of a compliance to that extent with the provisions of the law, the obligation to give notice of the application is by implication excluded, and that has been the construction given to another preceding similar provision upon this subject (*Fiske* agt. *Union Pacific R. R. Co.*, 8 *Blatch.*, 243; *Dillon on Removal of Causes* [3d ed.], 92, *note* 2).

The more commendable practice would be to give notice of the application, and in that manner avoid all possibility for future dissensions and misunderstandings (*Chamberlain* agt. *American, &c., Trust Co.*, 11 *Hun.*, 370).

Still, under this construction of the act of congress, the application for the order must be held to have been regular, even though no notice was given of it to the attorneys of the plaintiff.

And as it was regularly made without the service of notice, the order could be properly made, as it was, by the special term in session in the county of New York.

The bond was not conditioned for the entering of special bail by the defendant. But as this action appears by the pleading and proceedings to have been one in which bail could not be required, a compliance with that portion of the act of congress was unnecessary; for by the fair import of its terms, it is only when special bail is originally requisite in the action that the bond executed is required to include this obligation.

The order which was made directed that it should be entered in Erie county, and that direction appears to have been complied with, and the papers upon which it was made have been filed there.

This complied with the requirements made by rule 2 of the general rules of the supreme court, and rendered the proceedings regular as they were taken for the removal of the cause. After the order had been entered and served, this court, under the restraints imposed upon it by the act of congress, had no authority to proceed further in the action. Its powers over it for the time being were entirely at an end (*Insurance Co.* agt. *Dunn*, 19 *Wall.*, 214; *Kern* agt. *Hindekosser*, 103 *U. S. Rep.*, 485; *Bell* agt. *Dix*, 49 *N. Y.*, 232). The order, consequently, which was afterwards made by this court directing the action to be tried before a referee and appointing a receiver therein was entirely unauthorized, and as that was its character, a motion was a very proper proceeding, even though it was void, to vacate and set it aside (*Kamp* agt. *Kamp*, 59 *N. Y.*, 212, 216–217). An order must, therefore, be entered directing the order of reference and for the appointment of a receiver to be vacated, but, under the circumstances appearing in the case, it should be without costs.