GEORGE M. CURTIS and EDWIN M. NEVILLE, Respondents, *v.* FANNIE S. GREENE, Appellant.

*Motions — where they may be made — Code of Civil Procedure, sec. 769 — filing of motion papers and order — General Rules of Practice, No. 3.*

Section 769 of the Code of Civil Procedure, prescribing the districts in which motions, upon notice, in an action in the Supreme Court, must be made, applies only to such motions as are made during the pendency of, or which relate to the action, and not to such as may be made in proceedings instituted after the recovery and entry of a final judgment therein.

The papers used upon a motion, so made after the entry of the final judgment, together with the order made thereon, must, however, be filed in the office of the clerk of the county where the judgment was entered, within ten days, or the order may be set aside as irregular, under the Third General Rule.

Appeal from an order made at a Special Term, vacating a preceding order and restoring a judgment and the docket thereof.

*Close & Robertson*, for the appellant.

*E. M. Neville*, for the respondents.

DANIELS, J. :

As the motion which resulted in the order vacated by the order from which the appeal has been taken related to proceedings had under the judgment after it had been entered, it could regularly be made, as it was, in the county of Westchester, although the judgment itself had been recovered and entered in the county of New York. For these proceedings were wholly had in Westchester county, and, being taken after the judgment, the motion affecting them was not therefore controlled by section 769 of the Code of Civil Procedure. As that has been construed in *Phillips* v. *Wheeler* (67 N. Y., 104), it included only such motions as are made during the pendency of or relate to the suit, and it in no manner affects or controls such as may be made in other proceedings succeeding its final determination by a judgment. For that reason, as well as the additional fact that the plaintiffs appeared upon the hearing of the motion, and made no objection whatever to the power of the court to entertain the motion, the court before which it was made had the power to hear and decide as it did. (*Rice* v. *Ehle*, 65 Barb., 185.) But as no other provision is made, either by statute or the rules of the court, than those contained in the third and fourth of the general rules, directing where the motion papers must be filed, it follows that the papers used upon the motion were required to be filed in the office of the clerk of the county of New York, where the judgment itself was entered. And as it was made to appear that this had not been done within ten days after the making of the order, the moving party, by the express language of Rule 3, lost the benefit of the order. And for the purpose of declaring that to be the effect of this omission, the motion could properly be made in the county of New York, for there was no law or rule restricting the right to make it to the county of Westchester. It was, on the other hand, a motion within the general powers of the court, and they were broad enough to allow it to be made, as it was, in the county of New York. (*Rice* v. *Ehle*, *supra*.)

The motion was brought to a hearing under an order to show cause on the eighteenth of August, but not served until the evening

of the sixteenth, after the attorney on whom service was made had left his office. The intervening time was so short as to be unreasonable under the circumstances made to appear. For it required the attorney, upon one day's notice served upon him at White Plains, to appear in the city of New York to contest the granting of the motion. But as the failure to file the papers, as the rule required that to be done, does not seem to have been capable of being excused, the order cannot be reversed simply because of this fact.

The omission to file the papers and enter the order in this county probably arose out of a misapprehension as to the effect of the rules. For the practice concerning motions made after judgment, not relating to any proceeding in the action, had been nowhere formally defined or declared. For that reason, while the order from which the appeal has been taken cannot be reversed, it should be modified in such a manner as to allow the moving party in the order which has been vacated to renew that motion upon the same or such further papers as may be served for that purpose. And because of the unreasonable shortness of the order to show cause this should be permitted to be done without costs of this appeal.

BRADY, P. J., concurred.

Present — BRADY, P. J., DANIELS and DWIGHT, JJ.

Order modified as directed in opinion, without costs.